[No. 12181. Department Two. August 12, 1914.]

THE STATE OF WASHINGTON, *on the Relation of George W. McCauley, Plaintiff*, v. MITCHELL GILLIAM *et al., Respondents.*[1]

OFFICERS—RECALL—PETITION — REQUISITES — FILING STATEMENT—SUFFICIENCY. A statement filed by the proponents of a recall containing merely an itemized statement of receipts and expenditures, with the post office address of the contributors and of those to whom the money was distributed, is not a compliance with 3 Rem. & Bal. Code, § 4940-8, requiring, in addition to the information shown, that the statement shall contain a full, true, and detailed statement of the names and post office addresses of ·all persons, corporations and organizations who aided or contributed in the preparation of the charge and in the preparation, circulation and filing of the petition, with the amount contributed by each, since the law is aimed at the volunteer as well as the paid worker and requires publicity of all contributing features, and the fact that difficulty attends compliance therewith, does not invalidate the law.

Certiorari to review an order of the superior court for King county, Gilliam, J., entered July 25, 1914, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Reversed.

[1]Reported in 142 Pac. 470.

*Brightman, Halverstadt & Tennant,* for plaintiff.

*John F. Murphy* and *Samuel Morrison* (*Thomas A. Meade*
and *Alfred H. Lundin,* of counsel), for respondents.

Morris, J.—The relator commenced this action on behalf
of himself and other taxpayers similarly situated, to restrain
the defendant Phelps, as auditor of King county, from can-
vassing, counting, and checking the names on a recall peti-
tion directed against M. L. Hamilton, one of the county
commissioners of King county, until those in charge of such
recall petition should file a full, true, and detailed statement,
giving the names and postoffice addresses of all persons, cor-
porations, and organizations who had contributed to or aided
in the preparation of the charge and in the preparation, cir-
culation, and filing of the petition, which relator contended
was the requirement of § 8, chap. 146, of the act of 1913,
Laws 1913, p. 458 (3 Rem. & Bal. Code, § 4940-8). The
petition alleged that the only statement filed was as follows:

"In the Matter of the Recall of M. L. Hamilton, County
Commissioner, King County, Washington.

"We, the undersigned, persons submitting the above recall
petition for filing in the office of the county auditor of King
county, state of Washington, do hereby submit a detailed
statement of the contributions of funds and their expendi-
tures in the above matter as follows:

"Receipts.

| | |
|---|---:|
| J. A. Sloan, Seattle, Wash. | $2.50 |
| N. L. Carlson, Medina, Wash. | 2.50 |
| A. T. Rautenberg, Seattle, Wash. | 5.50 |
| F. G. Whitaker, Seattle, Wash. | 2.50 |
| Fred Nelson, Renton Jct., Wash. | 12.50 |
| Herman Nelson, Renton Jct., Wash. | 12.50 |
| Thos. A. Meade, Seattle, Wash. | 29.80 |
| Bull Brothers, Seattle, Wash. | 5.00 |
| Richard Mansfield White, Seattle, Wash. | 1.50 |
| A. Havencamp, Newport, Wash. | 1.50 |
| | $75.80 |

"Disbursements.

| | |
|---|---|
| U. S. Post Office, Seattle, Stamps | $ .75 |
| U. S. Post Office, Seattle, post Cards | 1.75 |
| Day and Night Safe Dep. & Storage Co., .Seattle, Safety Dep. | 1.00 |
| O. K. Cabinet Works, Seattle, Lumber | 1.75 |
| Knight Sign Co., Seattle, Signs | 10.80 |
| Justice Stat. Co., Seattle, Supplies | 1.00 |
| Bull Bros., Seattle, Printing | 55.75 |
| Car Fare | 3.00 |
| | $75.80 |

"Richard Mansfield White
"Thomas A. Meade
"A. T. Rautenberg.

"Subscribed and sworn to before me this 15th day of July, 1914.

"Emerson H. Carrico,
"(E. H. C. Notarial Seal)    Notary Public in and for the
"(Con. Oct. 26, 1914.    )    State of Washington, residing at Seattle."

It was further alleged in the petition that there had been a large number of contributions to such recall movement not mentioned in said statement as filed, and that a large number of persons aided in the preparation and circulation of the recall petition, the name, postoffice address or identity of none of whom was disclosed by said statement. To this petition, the respondent Phelps filed a demurrer, which was sustained by the court below, and relator, declining to plead further, his petition was dismissed. Whereupon he appealed to this court and requested the lower court to fix a supersedeas, which request was denied. Relator then sued out his writ of certiorari in this court.

The decisive question in this case is whether the statement filed by the organization seeking the recall is a sufficient compliance with the requirements of the statute. The act itself is a clear pronouncement of the legislative intent that no public official shall be subject to recall without a full dis-

closure of identity on the part of those who take part in the preparation of the recall petition or who in any wise aid in its circulation. Section 1 (Id., § 4940-1) provides that the petition shall not only contain a concise statement of the charges signed by the parties making the same, but that such persons shall, in addition, give their respective postoffice addresses, thus providing an additional means for identification of those who become sponsors for the charges. Section 8 (Id., § 4940-8) after providing for the requisite number of signatures to be contained in any recall petition, provides that:

"At the time of submitting such petition the person, committee, or organization submitting the same shall file with the officer to whom such petition is submitted a full, true, and detailed statement, giving the names and postoffice addresses of all persons, corporations and organizations who have contributed or aided in the preparation of the charge and in the preparation, circulation and filing of the petition, with the amount contributed by each, and a full, true and detailed statement of all expenditures, giving the amounts expended, the purpose for which expended and the names and postoffice addresses of the persons and corporations to whom paid, which statement shall be verified by the affidavit of the person or some member of the committee or organization making the charge, and until such statement is filed the officer shall refuse to receive such petition."

It needs but a glance at the statement filed by the proponents of this recall to observe that it neither complies with, nor makes any attempt to comply with, the provisions of § 8 (Id., § 4940-8). All that it purports to contain is an itemized statement of the receipts and expenditures, with the postoffice addresses of the contributors and of those to whom the money was distributed. Such a reading of the act eliminates entirely the requirement that the statement shall, in addition to the information shown in this statement, contain a full, true, and correct statement of all those persons, corporations, and organizations, with their postoffice addresses,

who have aided in the preparation, circulation, and filing of the petition. We know not by what right those who stand sponsor for this recall may file a statement showing only the financial features, and leave out the names of those persons and organizations who, without financial recompense, have contributed to the preparation of the petition or aided in its circulation. The law surely is aimed at the volunteer as well as the paid worker; at him who contributes time, energy, and information, as well as at him who contributes cash. One is as much an essential as the other, and any statement which leaves out either is defective and a noncompliance with the law. Suppose, for the sake of plainer illustration, the entire work incident to the recall movement were done by volunteers who, because of their interest in the movement, contributed their time, labor, and necessary material, so that everything was done without price. Then no financial statement could be filed and the publicity features of § 8 would be done away with. Whether or not it was for the purpose of meeting such a possible situation, the act assumes that there will be contributions in aid of the recall movement that cannot be represented in any financial statement, that are as much a part of the movement as the collection and expenditure of funds; and with the determination to require publicity of all contributing features, the law has declared that a full and detailed statement of such contributions and aids, whether in the preparation, circulation, or filing of the petition, shall be published or filed with the officer whose duty it is to receive the petition. And not only is this requirement made a mandatory duty on the part of those who are behind the recall, but the act carries its own penalty for noncompliance, in providing that, until such statement is filed, the public official shall refuse to receive the petition.

The logic of *Stirtan v. Blethen*, 79 Wash 10, 139 Pac. 618, clearly supports these views in placing the ban of the law against secret contracts entered into for the purpose of fomenting the recall of a public official, and pointing out

that, to sustain such a contract, would put into the hands of powerful interests with unlimited means a weapon for secret intimidation and covert attack that would deter self-respecting men from accepting public office. Enlarging upon this thought, as applied to the question before us, how easy it would be for these same powerful interests to remain under cover by selecting some unknown pawn to represent them in furnishing unlimited means and employing any number of persons to perform the required services whose only interest in the movement would be represented by its financial value to them, and thus the purpose of the law in demanding full publicity of all those who have aided and contributed to the recall movement would be done away with. The only argument urged against relator's contention is that it would be impossible to comply with such a reading of the law because of the fact that many persons might be engaged in circulating the petition. Difficulty of compliance does not invalidate the law. Neither does the law require the impossible. But it does require that those who seek its aid shall conform to its conditions before they can receive its benefits. It has not been done in this case.

The judgment of the lower court is reversed, and the proceeding remanded to the lower court with instructions to grant relator the relief as prayed for in his original petition.

CROW, C. J., FULLERTON, MAIN, and MOUNT, JJ., concur.