[No. 19113.  *En Banc.*  November 10, 1925.]

ELMER L. GIBSON, *Respondent,* v. W. D. CAMPBELL, *as County Auditor for Grays Harbor County, Appellant.*[1]

OFFICERS (27)—RECALL—NOTICE OF CHARGES—TIME FOR ATTACKING.  Proceedings to enjoin the recall of a sheriff, commenced within ten days after service upon him of notice of the charges as required by law, are within time, under Rem. Comp. Stat., § 5363, requiring action "within ten days from the time the cause of complaint arises," notwithstanding the original charge was filed some time before and he had unofficial knowledge thereof.

SAME (28)—RECALL—INJUNCTION TO RESTRAIN RECALL.  An action lies to enjoin the holding of a recall election, where the provisions of the act are not being complied with, especially in view of Rem. Comp. Stat., § 5363, conferring original jurisdiction upon the superior court to compel compliance with the act or prevent noncompliance therewith.

SAME (28)—RECALL—REVIEW—POLITICAL AND JUDICIAL QUESTIONS.  While the sufficiency of the charges for a recall of a public officer to cause the voters to desire his removal is a political question, to be determined by the people, the legality of the proceedings therefor and whether they comply with the law, is a judicial question for determination by the courts.

SAME (27)—RECALL—CHARGES—DEFINITENESS AND CERTAINTY.  Charges against a sheriff for his recall are insufficient to authorize the holding of a recall election, where they were very general and

[1]Reported in 241 Pac. 21.

in the nature of complaints and rumors commonly heard against sheriffs, without specification as to time, place, or persons; in view of Rem. Comp. Stat., § 5350, requiring the charge "to state the act or acts complained of in concise language without unnecessary repetition," which is substantially the requirement of Id., § 2055, as to criminal information, uniformally construed to require a definite statement (TOLMAN, C. J., HOLCOMB and FULLERTON, JJ., dissenting).

SAME (27). There is no conflict between the eighth amendment to the constitution, art. 1, § 33, providing that a recall petition shall "state the matters complained of," and Rem. Comp. Stat., § 5350, providing that the charge "shall state the act or acts complained of, without unnecessary repetition."

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered December 15, 1924, in favor of the plaintiff, in an action to enjoin a recall election, after a hearing before the court. Affirmed.

*F. L. Morgan* and *A. E. Graham,* for appellant.
*Theodore B. Bruener,* for respondent.

ASKREN, J.—On April 1, 1924, a committee of the Grays Harbor Enforcement League filed the following document in the office of the county auditor of Grays Harbor county:

"We, the undersigned legal voters of Grays Harbor county and a committee chosen and directed by Grays Harbor Enforcement League to prepare and file formal charges against Elmer L. Gibson, sheriff, of Grays Harbor County, hereby charge that Elmer L. Gibson, sheriff, has committed an act or acts of malfeasance while in office, and has violated his oath of office and has been guilty of two or more of the acts specified in the constitution, as grounds for a recall in the following particulars:

"(1)   That he has failed to enforce the laws within Grays Harbor county and that he has connived at and permitted the violation of the laws of the state of Washington and of the United States of America.

"(2) That he has declined, neglected and refused to make any suitable and proper effort to enforce the laws to apprehend law breakers and prevent law breaking and has allowed and permitted law breaking to continue in said county.

"(3) That he has refused to act against known and notorious law breakers, although having positive and direct and specific information concerning such law breakers and where they might be found.

"(4) That he has allowed state and federal prisoners, lawfully confined in the county jail and in his charge, to leave their places of confinement and visit the cities of Montesano and Aberdeen for considerable periods of time and to return at their own pleasure, and on at least one occasion to attend a prize fight; some of them, on numerous occasions, returning in an intoxicated condition.

"(5) That he has employed prisoners sentenced to the county jail to labor upon his own ranch and buildings, for his enrichment, profit and benefit, all without any benefit to the county, and in violation of the laws of the state.

"(6) That he has refused to cooperate with other law enforcement officers of the county and has refused to use the funds which are on hand and are under his control and are designated and are required by law to be used for the enforcement of the prohibition law, for that purpose."

On April 21, the county auditor prepared a synopsis of such formal charges, and the charges were thereupon returned to the committee and petitions prepared and circulated for signatures in Grays Harbor county. On December 5, the petitions with the signatures were filed and the county auditor gave notice that he would canvass the returns on December 10. On the 8th day of December, this action was begun to restrain the county auditor from calling a special election. On the 10th day of December, the county auditor, having canvassed the petitions, issued a certificate finding that the recall petitions contained sufficient signatures of

certified legal voters, and naming Tuesday, the 23d day of December, 1924, as the day for holding a special election. On the 13th day of December, the court, after hearing, permanently enjoined the county auditor from calling a special election. The trial court held that the charges contained in the petitions and the affidavit of expenses as filed were both insufficient. The auditor has appealed.

It is contended, first, by appellant that the proceeding was begun too late. The statute providing the procedure in such a case contains the following proviso:

"Provided, that any proceeding to compel or prevent the performance of any such act shall be begun within ten days from the time the cause of complaint arises, . . ." Rem. Comp. Stat., § 5363.

Appellant contends that, since the original charges were filed on April 1, 1924, any attack made upon them should have been commenced within ten days thereafter; while respondent contends, and the trial court so held, that a proceeding begun within ten days after the charges containing the requisite number of signatures had been filed was sufficient. It will be seen by reference to the statutes regulating the recall of public officials (Rem. Comp. Stat., §§ 5350 to 5365 inclusive), that nowhere is there any provision made for notice to be given to the officer whose recall is desired until after the filing of such charges, together with the signatures. In this case, following the law, no notification was given the sheriff by the auditor that his recall was being demanded until the charges with signatures had been filed in his office. It is argued by appellant that the sheriff had knowledge of the fact that his recall was being demanded, because it was a matter of common talk and well known to everyone in the community; but there is a wide difference between one

having knowledge of a thing and receiving that official notice which binds him as to the time when he shall perform some act. In this case, the sheriff began the proceeding within ten days after he had been notified as required by law. This was within the time.

The next contention of appellant is that courts will not interfere to enjoin the holding of elections. Many cases are cited from other jurisdictions, in some of which it is held that courts of equity will not enjoin elections for the reason that no property right is involved, and that an aggrieved party must wait until the result of the election to determine his right to office. But we need not look to other jurisdictions for authority upon this question, as we have already held in at least two cases to the contrary. *State ex rel. Mc-Cauley v. Gilliam,* 81 Wash. 186, 142 Pac. 470; and *Mc-Cush v. Pratt,* 113 Wash. 7, 192 Pac. 964.

It further appears to have been the legislative intent that the court should enjoin the holding of a recall election if the provisions of the act were not complied with. Section 5363 is as follows:

"The superior court of the county constituting or containing any political subdivision of the state in which the recall is invoked as in this act provided shall have original jurisdiction to compel the performance of any act required of any officer of such political subdivision under the provisions of this act, in case such officer refuse to perform the same, or to prevent the performance by any such officer of any act in relation to the recall not in compliance with the provisions of this act; . . ."

It is next contended that the court has no right to inquire into the sufficiency of the charges, inasmuch as the question is wholly political and not judicial. The question as to whether the grounds for recall are sufficient to cause the voters to desire the removal of the official in question is always a political one to be

determined by them, and as to this courts will never interfere. But the question as to whether or not the proceedings looking to the recall of the officer comply with the constitutional and statutory law upon the subject is purely and wholly a judicial question. The power to hold an election proceeds from statute, and until the proper legal steps have been taken, the county auditor has no right to call an election. This was recognized by us in *Cudihee v. Phelps*, 76 Wash. 314, 136 Pac. 367, where, after holding that a petition had been filed the sufficiency of which had not been challenged, we observed:

"It may be that the courts have jurisdiction to determine the sufficiency of the statement of the allegations made as cause for removal if presented in a proper proceeding involving the question of the calling of the election, but the trial of the question of whether such cause actually exists, and as to whether the officer shall be discharged, is to be had before the tribunal of the people and decided by them at the polls."

This brings us to the important question to be determined, i. e., were the charges sufficient?

It will be seen from a reading of the charges that they are couched in very general terms; in fact, so general that nearly every one of mature years has heard the same general charges or rumors against nearly every sheriff who has held office for any length of time in any community. It appears that the sheriff is serving his second term of office. There is nothing in the charges to show whether the acts complained of were committed during his first or his second term of office. There is neither time, place nor person mentioned in connection with any of the charges. Appellant has cited a number of cases from the state of California and from Nebraska where charges no more definite than these were held to be sufficient. An exami-

nation of the ordinances and statutes upon recall of those states discloses that they cannot be authority here. The constitution of California contains the following:

"Such petitions [recall] shall contain a general statement of the grounds on which the removal is sought, which statement is intended solely for the information of the electors, and the sufficiency shall not be open for review."

In *Good v. Common Council of San Diego,* 5 Cal. App. 265, 90 Pac. 44, cited by appellant, the charter required a general statement only of the grounds on which removal was sought. In *Laam v. McLaren,* 28 Cal. App. 632, 153 Pac. 985, the requirement was "a statement of the grounds upon which the removal or recall is sought, which statement is intended solely for the information of the electors." *Conn v. City Council of Richmond,* 17 Cal. 705, 121 Pac. 714, and *State ex rel. Topping v. Houston,* 94 Neb. 445, 143 N. W. 796, 50 L. R. A. (N. S.) 227, "the petition must contain a general statement of the ground for which removal is sought."

Our statute upon this subject is § 5350, Rem. Comp. Stat., the essential part of which to be construed is: "which charge shall state the act or acts complained of in concise language, without unnecessary repetition." We have never before been called upon to construe this particular portion of the section, although we think we have at least inferentially held against the appellant's contention in *Thiemens v. Sanders,* 102 Wash. 453, 173 Pac. 26, where the charge was couched in very definite terms, and with practically the same degree of precision as is required in a criminal information. Objection was made in that case that there was a misnomer as to the charge. Disposing of that question we said:

"The mere fact that the petition recited that these officers were guilty of misfeasance instead of malfeasance has no merit, because the statute and the constitution require the act or acts done to be set out in plain and concise language. Even if the rule in criminal pleadings must be followed in these petitions, we are satisfied that an inaccurate designation of the offense would not invalidate the petition."

There are a number of our own cases where public officers have been sought to be removed by judicial procedure prior to the enactment of the recall statute which may be helpful in determining this question. In *State ex rel. Whitney v. Friars*, 10 Wash. 348, 39 Pac. 104, which was an action to remove a board of county commissioners from office, we held that charges of a general nature such as those under consideration here were insufficient. We said:

"These actions are in the nature of criminal actions. A penalty is imposed, viz., the loss of the office; and when officers are called upon to defend an action which involves the loss of their office for alleged malfeasance in the performance of their official duties, law and common justice require that the facts shall be stated as definitely as they are stated in an indictment or information in a criminal action."

In all well reasoned cases from practically every jurisdiction involving a proceeding to remove a public officer by judicial proceedings, it has been held that the charges should be concise and practically with the same definiteness as required in criminal charges. These cases are not necessarily controlling in the present case, for the reason that the recall was adopted by the people of the state for the express purpose of allowing them to remove their officials at will, and for any cause which was by them deemed sufficient, and we think that, in carrying out the salutary purposes intended in the adoption of the recall, the provisions of

the statute should be liberally construed. There ought to be observed, however, the striking similarity between the statute enacted in 1913 to carry out the provisions of the constitutional provision for recall and § 2055 of the criminal code.

The recall statute says: "which charges shall state the act or acts complained of in concise language, without unnecessary repetition." Section 2055 of the criminal code requires an indictment or information to contain "A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." It will be seen that there is no difference in the thought expressed by the two statutes.

It seems to us that the legislature by this statute intended that the recall charges must contain a statement of the acts complained of, and that these should be stated with sufficient definiteness so that the one charged may be able to meet them before the tribunal of the people. We are not now concerned with the wisdom of the legislature in requiring the charges to contain these statements. It was undoubtedly within the power of the legislature, if it so wished, to provide that general statements were sufficient, or that the sufficiency of such statements should not be open to review, as was done in the California statute; but the legislature having spoken, it is the duty of the courts to give force and effect to its intention. The requisites of an indictment, under § 2055, Rem. Comp. Stat., had been construed by this court many times prior to the passage of the recall statute, and it may be that, with this in mind, the legislature drew the recall provision in substantially the same words, expecting that it would receive the same construction.

Again, it may be that the legislature did not desire

that an officer should be recalled upon charges so general that the officer could not meet them. The distinction which we have found between our statute and those of other states was very aptly recognized by the Nebraska supreme court in *State ex rel. Topping v. Houston, supra,* where the court, after observing that the statutes upon which the removal was sought in that state require only a general statement of the grounds for removal, further stated that the wisdom of the policy of such a law was not for the courts to determine; for, if the people found that its effects were vicious rather than salutary, with the attendant dangers of officials being recalled upon frivolous grounds, or mere insinuations, the power to amend the statute through the legislature was open; and then continued:

"This may be done by increasing the number of names required to be signed to the election petition, or by requiring specific charges of misconduct to be made thereon, and thus allowing the officer attacked to meet the charges made, or by adding both of these provisions to the recall features of the law. Accusations of wrongful acts attributed to an officer merely by innuendo or by vague generalities as may now be done, are often the most difficult to refute by proof and the hardest to meet by argument. Whether the best public policy is subserved by the statute in its present form is for the legislature to consider, and not for the court which must declare the law as it finds it."

We are constrained, therefore, to hold that, under the statutory requirements, the charges filed were insufficient.

Lastly, it is contended by appellant that the statute is unconstitutional on the ground that it imposes additional restrictions not provided for in the constitution. The recall provision of the constitution is as follows:

"Every elective public officer in the state of Washington except judges of courts of record is subject to recall and discharge by the legal voters of the state, or of the political subdivision of the state, from which he was elected whenever a petition demanding his recall, reciting that such officer has committed some act or acts of malfeasance or misfeasance while in office, or has violated his oath of office, stating the matters complained of, signed by the percentages of the qualified electors thereof, hereinafter provided, . . . The legislature shall pass the necessary laws to carry out the provisions of section thirty-three (33) of this article, and to facilitate its operation and effect without delay. . . ." Art. 1, Eighth Amendment, §§ 33 and 34.

There have been a number of cases involving the act, but this is the first time the contention has been made that this portion of the statute is in conflict with the constitution. It will be seen that the constitutional provision provides that the petition shall "state the matters complained of," while the statute provides that the petition shall "state the act or acts complained of in concise language, without unnecessary repetition." We think it can hardly be said that there is any conflict between these two provisions. If one is to be recalled under a constitutional provision which requires that the charge shall "state the matters complained of," it is doing no violence thereto for the court to hold that the legislature may say that the stating of the matters complained of must be "in concise language without unnecessary repetition."

Inasmuch as the judgment of the trial court must be sustained upon the foregoing grounds, we have not deemed it necessary to notice the contention regarding the sufficiency of the affidavit. The judgment of the trial court is right and it is therefore affirmed.

PARKER, MITCHELL, MAIN, and MACKINTOSH, JJ., concur.

HOLCOMB, J. (dissenting)—In my opinion, the conclusions and discussions in the majority opinion upon all questions involved herein are correct, except one: Were the charges sufficient? The majority opinion says that the charges are couched in very general terms.

The constitutional provision merely is that the petition for recall shall "state the matters complained of," and the statutory provision is "shall state the act or acts complained of in concise language without unnecessary repetition;" the statutory provision is a legislative compliance with the constitutional mandate, the requirement that the petition shall state, without unnecessary repetition, in concise language, the act or acts complained of being in the interests of intelligibility and economy.

The majority opinion construes the statutory language as if it were of the same effect as the statute applying to criminal charges where the statutory requirement is that the charges "shall state the act or acts complained of in concise language without unnecessary repetition."

The court should take into consideration the difference in the objects and purposes of the two different statutes. A criminal statute is never to be construed as including more than was intended, for penal statutes are to be construed strictly, to the end that offenses not entitled to be included shall not be prosecuted (*State v. Larson,* 119 Wash. 123, 204 Pac. 1041); and in criminal prosecutions, the charge should be so definite as to apprise the accused of the precise offense with which he is charged, and in such concise language as to prevent any misunderstanding of the charge.

The object of the recall statutes (and whether wise

or unwise is none of our concern) is to remove a public officer without judicial proceedings, that is, upon purely political proceedings. It is an additional remedy provided by the people by their own lawmaking power. A person need not be guilty or even probably guilty of any penal offense to be amenable to recall under this political method of recall. The same exactitude, or any approach thereto, is never required in non-judicial that is generally required in judicial procedure.

The charges are quoted in the first part of the majority opinion. Conceding, for the sake of argument, that several of them ought to be held by any court passing upon the sufficiency of the petition to be merely negative accusations, and not definite statements of any "acts," and ought not to be permitted to be used as bases of recall proceedings, nevertheless, there are some definite and specific charges stated in plain and concise language and without unnecessary repetition. In such purely political affair, it is not for the courts to "strain for jurisdiction;" nor to construe statutes otherwise than broadly; nor to be keen to separate wheat from chaff. The fourth charge in the petition is that the sheriff sought to be recalled,

". . . has allowed state and federal prisoners lawfully confined in the county jail in his charge to leave their places of confinement and visit the cities of Montesano and Aberdeen for considerable periods of time, and to return at their own pleasure, and on at least one occasion to attend a prize fight; some of them on numerous occasions returning in an intoxicated condition."

This charge is certainly an accusation of neglect and nonfeasance in office, and would probably be sufficient for removal by judicial charges if sustained by sufficient proof. In this kind of a proceeding, it is certainly

not necessary to state with precision such details as to times, places and persons as would be necessary in a criminal prosecution or, perhaps, in a judicial proceeding for removal. The fifth charge is that

". . . he has employed persons sentenced to the county jail to labor upon his own ranch and buildings for his enrichment, profit and benefit, all without any benefit to the county, and in violation of the laws of the state."

This charge is also certainly an accusation of misconduct and malfeasance in office, and if used as the basis of judicial proceedings for removal would probably be sufficient therefor, if sustained. In a merely political proceeding to remove, it certainly is not, and should not, be necessary to make any specification as to the exact number of prisoners so employed by the sheriff for his own enrichment, profit and benefit, or the time of occurrence, or the names of the prisoners.

While it is true that, under the statute, the superior court has power to enjoin the recall election if the provisions of the act (§ 5363, Rem. Comp. Stat.) are not complied with, as shown in the majority opinion, the charges stated in the petition for recall of a public officer at least should be treated as are the charges in indictments or informations, where more than one count is permitted to be alleged. Any charge or count that is not sustained should be ignored, and any charge or count that is not sufficiently stated should be treated as surplusage. That is the only justifiable similitude to the penal statutes and criminal proceedings.

Charges four and five in the petition for recall being clear compliances with the provisions of the statute for recall of public officers, and the statute not being subject to the strict construction given penal statutes, I am clearly of the opinion that the petition was suffi-

cient, and the judgment of the trial court should be reversed.

TOLMAN, C. J., and FULLERTON, J., concur with HOL-COMB, J.