[No. 36350.   Department One.   April 19, 1962.]

BETTY A. SKIDMORE, *Respondent,* v. W. C. FULLER, *Appellant.*\*

\*Reported in 370 P. (2d) 975.

*Raftis & Raftis,* for appellant.

*Robert D. Skidmore,* for respondent.

ROSELLINI, J.—This is an action involving a petition to recall W. C. Fuller and others who are directors of Colville School District No. 115. The action was commenced through an application for a writ of mandate, in which the respondent alleged that she had complied with the law respecting the initiation of a recall and that the appellant, the person whose duty it was to formulate a ballot synopsis of the charges contained in the demand for recall, had failed to perform this duty. She prayed that the court order the appellant to prepare such a synopsis.

In reference to the recall of elective officers, amendment 8, Art. 1, § 33, of the Washington Constitution provides that every elective public officer of the state is subject to recall and discharge by the legal voters of the state or subdivision thereof from which he was elected whenever a petition is filed: (a) demanding his recall; (b) reciting that he has committed some act of malfeasance or misfeasance while in office, or has violated his oath of office; (c) stating the matters complained of; and (d) signed by a percentage of the qualified electors specified in the amendment.

RCW 29.82.010 provides that when any legal voter shall desire to demand a recall and discharge under the provisions of this section of the constitution, he shall prepare a type-written charge naming the officer and giving the title of his office, and reciting that such officer has committed an act or acts of malfeasance or misfeasance while in office or has violated his oath of office, which demand shall state the act or acts complained of in concise language without unnecessary repetition, and shall be signed by the voter and verified.

The petition shall be filed with an officer whose duty it is to receive and file petitions for nomination of candidates for the office. RCW 29.82.015.

RCW 29.82.020 provides that the officer shall determine whether the acts complained of are acts of misfeasance or malfeasance or a violation of the oath of office, and if they are sufficient, he shall formulate a ballot synopsis of such charge, not to exceed two hundred words.

Upon being notified of the language of the ballot synopsis, the person filing the charge shall cause it to be printed in a certain manner. RCW 29.82.030. Thereafter the requisite signatures must be obtained.

The acts alleged by the respondent in her demand for recall were as follows:

"That the said William C. Fuller, after request by Betty A. Skidmore, pursuant to RCW 28.67.070, Laws of the state of Washington, for a hearing on the action by the board of directors of said district in failing to renew her teaching contract, and prior to the date of said hearing on April 17, 1961, did conspire and agree with the remaining members of said board of directors that each would vote for reaffirmance of the decision of said board without regard to the evidence presented at said hearing, and did, in furtherance of said conspiracy and agreement, conduct or participate in the conduct of said hearing in an arbitrary and capricious manner, suppressing or attempting to suppress relevant evidence and testimony offered in behalf of said teacher, and did thereafter vote to reaffirm the decision of said board in accordance with said conspiracy and agreement, without attempting in good faith to seek a determination at said hearing whether good cause existed for the nonrenewal of the contract of said teacher.

"That the Washington Education Association (hereinafter referred to as the WEA) is the duly recognized and existing professional organization of teachers and administrators of the public schools of the state of Washington, whose members consist of teachers and administrators in nearly all school districts in the state, including the said Colville School District No. 115. That on or about May 19, 1961, in accordance with recognized procedure, the Executive Committee of the WEA, at the request of the Stevens County Education Association, a subsidiary unit of the WEA, duly authorized the Ethics Commission of the WEA to appoint a committee to investigate the personnel relations situation in the Colville School District No. 115, and that Margaret

Weed, Eugene McNamara and Roy Cope were duly appointed as members of said investigating committee.

"That on or about June 9, 1961, the said William C. Fuller, while a director of said Colville School District No. 115, and acting in concert with the remaining members of said board of directors, did willfully, knowingly and maliciously make or subscribe to, and cause to be printed, published and widely circulated in the Statesman-Examiner, a newspaper of general circulation in said district, the following false and defamatory statements concerning the said WEA, its officers and members, and the said members of said investigating committee, to-wit: that they were not impartial; that they were a pressure group; that they had pre-judged the subject matter of the pending investigation of personnel relations in said school district and that they were injecting themselves in an obvious attempt either to interfere with or assume the lawful functions of the school board and the court, and further referring to and describing said pending investigation as a 'witchhunt,' all of which statements and accusations were false and without foundation in fact, and which were made by the said William C. Fuller without honest belief of their truth or fairness or without reasonable grounds for such belief, and without a fair and impartial investigation of the truth thereof.

"That by the publication of said false and malicious statements and accusations the said William C. Fuller intended to, and did charge and assert, and intended to be understood as charging and asserting, and by the readers of said newspaper were understood as charging and asserting that the said WEA, its officers, members, and the said members of said investigating committee were not acting in good faith or from proper motives, were acting unlawfully, were attempting to usurp and infringe upon the exercise of lawful powers of elected officers of said school district for the accomplishment of an evil design and purpose, and were unworthy of public trust and confidence. That said false and malicious publications were intended to and did tend to discredit the said WEA, its officers, members, and the said members of said investigating committee in the eyes of the public and deprive them of public confidence and respect, and to inflame public opinion and resentment against them, and were intended and did tend to expose the said members of the WEA and of the said investigating committee to hatred, contempt, ridicule and obloquy, and to deprive them of the benefit of public confidence or social

intercourse, and to injure the said WEA, its officers and members in their business or profession, all of which acts by the said William C. Fuller were detrimental and harmful to the interests of education in said school district."

The trial court found that these charges were sufficient and issued the writ of mandate. The only question of substance raised by the appellant is whether the court erred in making this determination.

It is admitted by the appellant that the court, in passing upon the sufficiency of a demand for recall, is not permitted to inquire into the truth or falsity of the allegations in the demand, and that this is a political question to be determined by the voters. Among the cases so holding are *Roberts v. Millikin*, 200 Wash. 60, 93 P. (2d) 393; *Gibson v. Campbell*, 136 Wash. 467, 241 Pac. 21; and *Pybus v. Smith*, 80 Wash. 65, 141 Pac. 203. However, as he points out, in these same cases we have held that the legality of the proceedings for a recall election is a judicial question, and the courts may review the determination by the officer charged with the duty of preparing the synopsis of whether the charges constitute malfeasance, misfeasance, or a violation of the oath of office.

The appellant contends that he was correct in determining that the charges in this instance were not legally sufficient. In regard to the first charge, he maintains that it is too indefinite and that it merely charges that the directors did what the law authorizes them to do, that is, discharge a teacher for causes which they deem sufficient.

As was said in the case of *Pybus v. Smith, supra,* we have no constitutional or statutory definition of the words malfeasance or misfeasance. In the cited case concerning the recall of certain councilmen, the allegation in the demand was that the councilmen agreed to trade votes on certain matters where each yielded his personal judgment, in effect, to the other, to the end that another matter he was especially desirous of having decided in a particular way should be so decided by the council. In the demand for recall, a conspiracy was alleged. This court held that the alleged acts

did constitute malfeasance or misfeasance. In the course of the opinion, quoting from 9 Cyc. 485, we said:

" 'A people can have no higher public interest, except the preservation of their liberties, than integrity in the administration of their government in all its departments. It is therefore a principle of the common law that it will not lend its aid to enforce a contract to do an act which tends to corrupt or contaminate, by improper and sinister influences, the integrity of our social or political institutions. Public officers should act from high consideration of public duty, and hence every agreement whose tendency or object is to sully the purity or mislead the judgments of those to whom the high trust is confided is condemned by the courts. The officer may be an executive, administrative, legislative, or judicial officer. The principle is the same in either case.' "

In *State ex rel. Nisbet v. Coulter*, 182 Wash. 377, 47 P. (2d) 668, we held that it is misfeasance for directors of a school board to maliciously conspire together and enter into an agreement for the discharge of certain teachers for the purpose of personal revenge, without regard to a fair and impartial determination of the merits, and contrary to the best interests and wishes of the district.

In both of these cases, we recognized that an agreement entered into and carried out by public officers, whereby they abdicated their duty to exercise their best and honest judgment in casting their votes, constitutes misfeasance or malfeasance. The agreement alleged by the respondent in this instance falls within that category. Whether the allegations are true and whether the school directors should be recalled because of the alleged acts, are questions for the electorate.

In *Gibson v. Campbell, supra,* we said:

"It seems to us that the legislature by this statute intended that the recall charges must contain a statement of the acts complained of, and that these should be stated with sufficient definiteness so that the one charged may be able to meet them before the tribunal of the people. . . ."

We think the first charge is sufficiently definite. While it does not state the exact date or dates on which the

alleged agreement was entered into, it does state that it was entered into within a definite and limited period of time. The substance of the alleged agreement and the acts done in pursuance of it, are stated concisely.

The directors will have an opportunity to convince the voters that there was no such agreement; that they conducted the hearing in a fair and impartial manner, and made their decision on the basis of the evidence presented.

The gist of the second charge was that the school board directors, acting in concert and with malice, willfully made untrue statements blanketing teachers in their district who are members of the Washington Education Association with evil designs, and asserting them to be unworthy of public trust and confidence. If this charge is true, it would patently show that the members of the board had deliberately done acts which were not in furtherance of the interests of education in their district and had violated their oaths of office. It is for the voters to decide whether the charge is true and whether they deem it serious enough to demand the recall of the directors. Upon this question, we said in the early case of *Cudihee v. Phelps*, 76 Wash. 314, 136 Pac. 367:

" . . . While it seems true that, under this constitutional provision, an officer is to be removed for cause only; yet, the question being purely a political one, . . . it is manifest that the tribunal before which the sufficiency of the cause is to be tried is that of the people. It may be that the courts have jurisdiction to determine the sufficiency of the statement of the allegations made as cause for removal if presented in a proper proceeding involving the question of the calling of the election, but the trial of the question of whether such cause actually exists, and as to whether the officer shall be discharged, is to be had before the tribunal of the people and decided by them at the polls. It is not the trial of a question of life, liberty, or property; hence there is not involved any question of due process of law . . . "

The appellant contends that the court should have read the charge in conjunction with the newspaper article which was actually published, and that if it had done so, it would have found that the paraphrasing of the article by

the respondent was inaccurate and misrepresented the true import of the article. But, as we have emphasized before, it is not for the trial court to inquire into the truth of the matters alleged in the charge. Its function is merely to examine them to determine whether they are sufficient on their face, assuming them to be true. If the charges do not correctly reflect the statements of the appellant and his fellow directors, that fact can be shown to the voters by appropriate means.

We conclude, in accord with the trial court, that the charges as stated are sufficient; and its order of mandate is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

May 31, 1962. Petition for rehearing denied.