[No. 42506. En Banc. January 18, 1973.]

JOHN BOCEK et al., *Appellants,* v. CHRISTOPHER T. BAYLEY et al., *Respondents.*

*Alan F. Austin* (of *Montgomery, Purdue, Blankinship & Austin*), for appellants.

*Christopher T. Bayley, Prosecuting Attorney, Michael L. Cohen, Assistant Chief Deputy,* and *J. Richard Quirk, Deputy,* for respondents.

FINLEY, J.—This is an appeal from an order of the King County Superior Court holding that certain recall charges

filed against the plaintiff-appellants, as school board members, are legally sufficient, and denying the prayer of the appellants for a permanent injunction restraining the dissemination and circulation of ballot synopses and petitions based upon those charges.

The plaintiff-appellants, John Bocek, Vera Fredrickson, and John Hale, are three members of the 5-member board of school directors of Federal Way Public School District No. 210. On or about June 6, 1972, defendants Therese Keisling and the Federal Way School Board Recall Committee filed with the defendant Norwood J. Brooks, as the King County Director of Elections, charges for recall against the three appellants. Pursuant to RCW 29.82.020, defendant Brooks referred the charges to the defendant Christopher T. Bayley, Prosecuting Attorney for King County, for his determination of the legal sufficiency of these charges. Defendant Bayley issued a written opinion in which it was determined that, of several recall charges leveled against the appellants, all but one were legally sufficient. The appellants then commenced this action. The trial court sustained the determination by defendant Bayley that the charges were legally sufficient to support a recall.

The recall charges against the appellants involved allegations of misfeasance and malfeasance while in office, as well as violations of the oath of office, and were essentially as follows: Appellant Bocek was charged with an invasion of privacy in allegedly publishing confidential information of the school district.[1] All three appellants were charged with

[1]This charge against appellant Bocek reads as follows: "That on or about February 7, 1972, John Bocek, acting as a director of the Federal Way School District No. 210, did distribute and publish to at least one member of the general public a program and evaluation report of the Federal Way Public School District No. 210. That said report contained confidential information regarding individual students with said students' names of the Federal Way Public Schools, that said report contained embarrassing and confidential information and its publication was damaging to the individuals named therein and not in the best interests of the Federal Way Public School District No. 210 and is in violation of the Revised Code of Washington and the oath of office of said board member and is an act of malfeasance."

having held secret meetings in violation of the Open Public Meetings Act (RCW 42.30).[2] Additionally, all three were charged with refusing to bargain in good faith.[3] Lastly, the three appellants were charged with employing an allegedly unqualified school superintendent.[4] The appellants contend that none of these charges is legally sufficient to support a recall, suggesting (1) that the information of the school district was neither "confidential" nor "published"; (2) that the charges relating to the secret meetings were inade-

[2]These charges against the three appellants were as follows: "That on January 12, 1972, [and January 24, 1972,] (naming Bocek, Fredrickson or Hale) as a Federal Way School Board Director, participated in a closed and secret meeting of the Board of Directors of the Federal Way Public School District No. 210, wherein John Bocek, Vera Fredrickson, John Hale and R. M. Malan [board members] secretly deliberated and made decisions; that said decisions and deliberations were required to be public as set out in the Revised Code of Washington 42.30, generally known as the Open Public Meeting Law, that said action is a violation of the law punishable by a fine of $100.00 and that the deliberations and decisions reached are void. That said actions were not in the best interest of the Federal Way School District and is a violation of the oath of office and is an act of malfeasance."

[3]This charge against the three appellants was as follows: "That on March 25, 1972 (naming Bocek, Fredrickson or Hale) as a director of the Federal Way School Board, participated in declaring an impasse in negotiation and requested the superintendent of public instruction to appoint an advisory committee pursuant to RCW 28A.72.060, that in the subsequent mediation process (naming Bocek, Fredrickson or Hale) refused to bargain in good faith and (naming Bocek, Fredrickson or Hale) rejected the assistance of the advisory committee, which action destroyed the relationship between the Federal Way School Board and the Federal Way Education Association and said action was not in the best interest of the Federal Way Public School District No. 210 and is in violation of the Revised Code of Washington and the oath of office of said board member and is an act of misfeasance or malfeasance."

[4]This charge read as follows: "That on or about the 26th day of May 1972, (naming Bocek, Fredrickson or Hale) as a director of the Federal Way Public School District No. 210, did participate in and vote affirmatively for the employment of George Cochran to be superintendent of the Federal Way School District No. 210 with actual knowledge that said George Cochran was not qualified for said position or able to discharge the duties of the office of superintendent, which action was not in the best interests of the Federal Way School District and is in violation of the Revised Code of Washington and the oath of office of said director and is an act of malfeasance."

quate because they did not state that the appellants attended the meetings "knowing" that they were held in violation of the Open Public Meetings Act of 1971; (3) that a breakdown in negotiations did not constitute a refusal to bargain in good faith and certainly did not constitute malfeasance, misfeasance, or a violation of the oath of office; (4) that the school superintendent hired by the school board met the statutory qualifications for the office; and that the charge related thereto did not state in what respect the superintendent hired was unqualified. Notwithstanding these contentions of the appellants, we conclude that the immediate charges were legally sufficient to support a recall of these officers.

■■■ Elected officials in the state of Washington may be removed from office only for cause. *Gibson v. Campbell,* 136 Wash. 467, 241 P. 21 (1925); *Cudihee v. Phelps,* 76 Wash. 314, 136 P. 367 (1913). Our standards for determining the sufficiency of recall charges alleging such cause were clearly stated in *State ex rel. Citizens Against Mandatory Bussing v. Brooks,* 80 Wn.2d 121, 124-25, 492 P.2d 536 (1972) as follows:

> First, in determining the validity of recall charges, courts are limited to examination of the charges stated and cannot inquire into factual matters extraneous to the allegations. *E.g., State ex rel. LaMon v. Westport,* 73 Wn.2d 255, 438 P.2d 200 (1968). Second, courts must assume the truth of the charges in determining whether legally sufficient grounds for recall have been stated. *E.g., Skidmore v. Fuller,* 59 Wn.2d 818, 370 P.2d 975 (1962). Third, just as there can be no inquiry into the truth or falsity of the charges, there can be no inquiry into the motives of those filing the charges. *Roberts v. Millikin,* 200 Wash. 60, 93 P.2d 393 (1939). Fourth, recall charges are sufficiently specific if they are definite enough to allow the charged official to meet them before the tribunal of the people. *E.g., State ex rel. LaMon v. Westport, supra.* Finally, any one sufficient charge requires the holding of a recall election. *E.g., Morton v. McDonald,* 41 Wn.2d 889, 252 P.2d 577 (1953).

It is our duty, therefore, to determine (1) whether any one

of the recall charges, if true, alleges sufficient ground for recall, and (2) whether the recall charges, as stated, are sufficiently specific to give the charged official adequate notice to afford an opportunity to respond thereto.

 Sufficient grounds for recall of an elective public officer of this state are the commission of an act or acts of malfeasance or misfeasance while in office, or a violation of the oath of that office. Const. art. 1, § 33 (amendment 8); RCW 29.82.010. These grounds were described in *Danielson v. Faymonville,* 72 Wn.2d 854, 859, 435 P.2d 963 (1967) as follows:

> Misfeasance or malfeasance (often stated as maladministration, misconduct, official misconduct, nonfeasance, or misbehavior in office), have been held to be comprehensive terms and include any wrongful conduct that affects, interrupts, or interferes with the performance of official duty. *State ex rel. Knabb v. Frater,* 198 Wash. 675, 89 P.2d 1046 (1939); *State v. Miller,* 32 Wn.2d 149, 201 P.2d 136 (1948). Violation of an official's oath of office has been described to mean the failure of the officer to perform his duties of office honestly, faithfully, and to the best of his ability. *Huntamer v. Coe,* 40 Wn.2d 767, 772, 246 P.2d 489 (1952).

Additionally, we have held that "misfeasance" means "the improper doing of an act an officer might lawfully do; or, in other words, it is the performance of a duty in an improper manner." *State v. Miller,* 32 Wn.2d 149, 152, 201 P.2d 136 (1948). "Malfeasance" means the commission of an "unlawful" act, or "the doing of an act which the person ought not to do at all." *State v. Miller, supra* at 152. In the case of school board members, such conduct would therefore include action taken which is not in the best interests of the majority of the students and constituents of the school district (*State ex rel. Citizens Against Mandatory Bussing v. Brooks, supra*), and conduct affecting the school district which is unlawful or clearly inappropriate under the circumstances (*Danielson v. Faymonville, supra*).

 With these standards in mind, the question before us is whether the charges leveled against the appellants

constitute sufficient grounds for recall. Since we must assume the truth of the allegations made in the charges, we think such sufficient ground exists. First, the charge that these appellants violated the Open Public Meetings Act of 1971 (RCW 42.30) upon two occasions appears to fall directly within the category of an act of malfeasance since such conduct is alleged to have been "unlawful" and in violation of one of the laws of this state. Additionally, pursuant to the legislative intent behind RCW 42.30, it is apparent that closed, secret meetings of school board members are not in the best interest of those students and other members of the school district who may be affected by the decisions of the board. *See* RCW 42.30.010. Assuming the truth of this allegation of unlawful conduct, the contention of the appellants that the charge failed to state that these board members "knowingly" participated in an unlawful meeting is without merit, since a charge of violating this act implicitly alleges the elements of the wrongful conduct —here, a knowledge that the meeting was held in violation of the law. Second, assuming the truth of the allegation that the appellants failed to bargain in good faith, it is apparent that this charge alleges misfeasance by the board members since such conduct appears to constitute "the performance of a duty in an improper manner." *State v. Miller, supra* at 152. Regarding the charge that these appellants hired an unqualified school superintendent, again assuming this charge to be true, it is apparent that such conduct may justifiably be considered to be an improper performance of a duty, or misfeasance, in clearly failing to act in the best interests of the school district community. Finally, the charge that appellant Bocek published confidential information of the school district, if true, constitutes malfeasance under the above definitions of that term, since such conduct at the very least affords a basis for suit by those students whose privacy was invaded as a result of this alleged embarrassing publication. Thus, it is our determination that these charges, assuming their truth, allege sufficient grounds to support a recall of the appellant school

board members. Regarding the defenses of the appellants relating to surrounding facts which suggest that these charges may be false, we again emphasize that we are not called upon to determine the truth of these charges, and make no such inquiry or determination herein. This issue is to be decided by the electorate upon the public's consideration of the defenses of the appellants. We conclude only that these charges constitute sufficient grounds for recall in alleging conduct which is both unlawful and improper under the circumstances, and which is not in the best interests of the school district community.

■ The second issue before this court, then, is whether the recall charges, as stated, were sufficiently definite to enable the appellants, as the public officials charged, to respond to and meet these allegations before the public. In this, we conclude that the allegations were clear enough to give the appellants adequate notice of the wrongful conduct charged. All of the charges included the name of the official charged, a specific description of the alleged wrongful conduct, the date the alleged acts occurred, and the allegation that the act constitutes misfeasance, malfeasance, or a violation of the oath of office. As we stated in *Danielson v. Faymonville, supra* at 858, "[r]ecall charges need only contain a statement of the acts complained of, with sufficient definiteness that the one charged may be able to meet them before the tribunal of the people." Even this broad requirement is to be "liberally construed". *Gibson v. Campbell, supra* at 475. Considering each of the recall charges individually, we think them sufficiently definite to apprise these appellants of the allegations leveled against them to enable them to defend their actions before the public.

In concluding as we do, we observe that our limited duty is to determine the sufficiency of these charges; the task of deliberating the actual truth of these charges belongs to the electorate of Federal Way Public School District No. 210. Indeed the success of our democratic elective process and this recall procedure is safeguarded by the constitutional requirement that recall petitions under these circumstances

bear the signatures of 35 percent of the total number of votes cast for all candidates for the office to which the officer whose recall is demanded was elected at the preceding election. Const. art. 1, § 34 (amendment 8); RCW 29.82.060. *See Mills v. Nickeus,* 81 Wash. 409, 142 P. 1145 (1914).

Having determined that the immediate charges allege sufficient grounds for recall and afford the appellants adequate notice of the wrongful conduct charged, the judgment of the trial court is hereby affirmed.

HALE, C.J., ROSELLINI, HUNTER, HAMILTON, and WRIGHT, JJ., concur.

UTTER, J. (concurring)—I concur in this case only because a majority of this court believe we are bound by *State ex rel. LaMon v. Westport,* 73 Wn.2d 255, 438 P.2d 200 (1968), and the authority upon which it is based. We there held that courts are limited to examination of the charges stated and cannot inquire into factual matters extraneous to the allegations. Although our proceedings for recall are theoretically to be for cause, the interpretation *LaMon* and other cases place on this provision of our constitution means that if a petitioner phrases the charge correctly, a vote on recall will occur, regardless of whether actual cause on the issues stated exists and whether there is, in fact, any truth to the charge.

This procedure readily lends itself to public officials being made subject to recall where the real issues for dissatisfaction are not publicly stated. The general public is denied both an opportunity to hear debate on the real issues involved and the opportunity to make an intelligent choice on these issues. I cannot believe this was the intent of the original drafters of our constitution. It makes no sense to affirm that we have recall for cause and then not have at least a prima facie showing of the truth of the allegations made before the courts. The remedy, as suggested in *Cudihee v. Phelps,* 76 Wash. 314, 331, 136 P. 367 (1913), may be for the legislature to more specifically state

840

in the enabling legislation that the courts are to first try the question of whether a prima facie case for recall exists.

STAFFORD, J., concurs with UTTER, J.