[No. 4954–II; 5016–II.   Division Two.   March 5, 1981.]

DON HERRON, *Appellant,* v. BYRON E. McCLANAHAN, ET AL, *Respondents.*

RONALD J. LOPP, *Appellant,* v. DON HERRON, *Respondent.*

*Elvin J. Vandeberg* and *Kane, Vandeberg, Hartinger & Walker,* for Don Herron.

*Don Herron, Pierce County Prosecuting Attorney,* and *Karl D. Haugh, Deputy,* for respondent Greco.

*Don Herron,* pro se.

*Byron McClanahan,* pro se.

*Ronald J. Lopp,* pro se.

PEARSON, J.—This matter involves the consolidation of two separate actions initiated in Pierce County Superior Court. In one action, Don Herron, Pierce County Prosecuting Attorney, appeals the denial of his petition for an extraordinary writ to halt the election recall proceeding initiated against him by Ron Lopp, challenging the petition's sufficiency under RCW 29.82.010. In the other action, Lopp appeals the denial of his petition for an extraordinary writ to prevent Herron from appointing the Mason County Prosecuting Attorney to review the recall charges, challenging Herron's statutory authority to make such an appointment. We hold that Herron acted within the scope of his authority in making the appointment, and that the trial court did not err in denying Lopp's writ petition. We further hold that the recall charge levied against Herron is legally insufficient under RCW 29.82.010 to serve as the basis for a recall election. Accordingly, we reverse the trial court's denial of Herron's petition.

The facts of this case are not in dispute. On August 17, 20, and 21, 1979, Lopp filed three separate recall petitions with the Pierce County Auditor, seeking to recall Herron as prosecuting attorney.[1] RCW 29.82.010, .015. The third petition, a consolidation of the prior petitions, contained 23

---

[1] For a detailed chronology of the steps involved in a recall proceeding, see *Janovich v. Herron,* 91 Wn.2d 767, 770, 592 P.2d 1096 (1979).

separate charges of misfeasance, malfeasance, or violations of the oath of office allegedly committed by Herron. On August 23, Herron's office forwarded all three recall petitions to Mason County Prosecuting Attorney Byron McClanahan, asking that he determine whether any of the charges satisfied the statutory requirements of RCW 29.82-.010.

On August 27, Lopp initiated an action in superior court for a writ of prohibition, seeking to prevent Herron from appointing McClanahan to review the recall charges, and requesting that instead the court appoint a special prosecutor to review the charges. The trial court denied Lopp's petition, and, on September 5, McClanahan delivered to the Pierce County Auditor a report detailing the results of his review of the recall charges. The report specified that only charge 22 satisfied the criteria of RCW 29.82.010 and could serve as the basis for a recall election. On September 13, Herron filed a petition for a writ of mandate and/or a writ of prohibition, seeking to halt the recall election process. The trial court denied this petition. Both Herron and Lopp appeal.

Prior to addressing the merits of the recall petition, we first address the issue raised in Lopp's appeal, *i.e.,* whether Herron had the statutory authority to appoint the Mason County Prosecutor to review the legal sufficiency of the recall charges filed against him. Under RCW 7.16.290, a writ of prohibition is designed to "[arrest] the proceedings of any . . . person, when such proceedings are . . in excess of the jurisdiction of such . . . person." Accordingly, if Herron had the statutory authority to appoint McClanahan, the trial court acted properly in denying Lopp's petition.

In Washington the power to recall elective public officials is constitutionally based. Const. art. 1, §§ 33, 34. RCW 29.82 contains the legislative scheme adopted to carry out this recall power. Under RCW 29.82.020, the county prosecuting attorney is responsible for reviewing the legal sufficiency of all recall charges filed against locally elected

officials. In this anomalous situation, the statute required that Herron, as Pierce County Prosecutor, personally review the recall charges filed against him.[2]

To satisfy the statute, and at the same time avoid the obvious conflict of interest, Herron requested that McClanahan review the recall charges as a temporary or special deputy prosecuting attorney for Pierce County, appointed under RCW 36.27.040. That statute provides in part:

> The prosecuting attorney may appoint one or more special deputy prosecuting attorneys upon a contract or fee basis whose authority shall be limited to the purposes stated in the writing signed by the prosecuting attorney and filed in the county auditor's office. Such special deputy prosecuting attorney shall be admitted to practice as an attorney before the courts of this state but need not be a resident of the county in which he serves and shall not be under the legal disabilities attendant upon prosecuting attorneys or their deputies except to avoid any conflict of interest with the purpose for which he has been engaged by the prosecuting attorney.

The language of the statute is broad enough to encompass the appointment of McClanahan, who is the Prosecuting Attorney for Mason County, as a special deputy for Pierce County. The construction placed upon the statute by the prosecuting attorneys, the people charged with its administration, is entitled to considerable weight. *See State Nurses Ass'n v. Board of Medical Examiners,* 93 Wn.2d 117, 605 P.2d 1269 (1980). As a member of the Washington State Bar, McClanahan satisfied the qualifications of a special deputy prosecutor. RCW 36.27.010–.040. As a properly appointed special deputy for Pierce County, McClanahan's review of the charges satisfied the requirements of RCW 29.82.020. We hold that Herron acted within the scope of his statutory authority in making the appointment. *See Coughlin v. Seattle School Dist. 1,* 27 Wn. App. 888, 621

---

[2]We note that the legislature has since amended RCW 29.82.020 to require that the State Attorney General review recall charges filed against a county prosecuting attorney. Laws of 1980, ch. 42, § 3, p. 119.

P.2d 183 (1980). The trial court did not err by denying Lopp's petition for a writ of prohibition.[3]

Lopp argues that upon recognizing the conflict of interest, Herron should have declared himself disabled under RCW 36.27.030, necessitating that the court appoint a suitable person to discharge the prosecutor's duties.[4] Assuming arguendo that this statute has any application to a prosecutor against whom recall proceedings have been initiated, we find it would have applied only if Herron had refused to appoint an independent party to review the charges. Since a suitable person was appointed, there was no need for the trial court to invoke RCW 36.27.030.

Following the denial of his petition, Lopp moved under CR 59(a) for the trial court to reconsider its decision. His motion was based primarily on alleged newly discovered evidence. Such a motion is a matter addressed to the sound discretion of the trial court and will not be disturbed absent manifest abuse. *McUne v. Fuqua,* 42 Wn.2d 65, 77, 253 P.2d 632 (1953). The moving party must show, among other things, that the new evidence will probably change the result if the new hearing is granted. *Hill v. L.W. Weidert Farms, Inc.,* 75 Wn.2d 871, 454 P.2d 220 (1969). The new evidence consisted primarily of newspaper interviews with McClanahan and Herron, which Lopp alleges demonstrated a clear conflict of interest between the two. This evidence did nothing, however, to show that Herron was without authority under RCW 36.27.040 to appoint McClanahan as a special deputy. Absent such a showing, no extraordinary writ should have issued. The trial court did not err in denying the motion.

---

[3]Our analysis is not based specifically on the form of the writ sought by Lopp, *i.e.,* a writ of prohibition. Because Herron acted within the scope of his statutory authority in making the appointment, *no* extraordinary writ (mandamus or prohibition) should have been issued.

[4]RCW 36.27.030 provides in part, as follows:

"When from illness or other cause the prosecuting attorney is temporarily unable to perform his duties, the court or judge may appoint some qualified person to discharge the duties of such officer in court until the disability is removed."

Having held that Herron acted within his statutory authority in appointing McClanahan to review the recall petitions, we now examine the results of that review. McClanahan determined that of the 23 charges contained in the third recall petition, only charge 22 satisfied the statutory requirements of RCW 29.82.010. That statute provides in relevant part:

> Whenever any legal voter . . . shall desire to demand the recall and discharge of any elective public officer . . . under the provisions of sections 33 and 34 of Article 1 of the Constitution, he . . . shall prepare a typewritten charge, reciting that such officer . . . has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated his oath of office . . . which charge shall state the act or acts complained of in concise language, *giving a detailed description including the approximate date, location, and nature of each act complained of* . . .[5]

(Italics ours.)

In his petition for an extraordinary writ, Herron challenges both the specificity and the legal sufficiency of charge 22. That charge alleged as follows:

> That the Prosecutor knowingly reassigned an unqualified deputy prosecutor who allowed the Pierce County Planning Commission to hold a public hearing on about December 28, 1978 to review proposed amendments to the Pierce County Master Shoreline Program when she knew or should have known that the commission did not have the minimum number of members present to make up a quorum as required by the commission's bylaws. She allowed the commission to finalize its actions and forward its recommendations to the Board of County Commissioners despite the fact that the action was illegal and therefore did not comply with either the letter or intent of the legislation involved. That [the named deputy] was not qualified in the area of land–use regulations was ignored by the Prosecutor when he transferred over from the Criminal section of the office. She handled plat

---

[5]The legislature amended the statute in 1976, increasing its specificity requirements by adding that portion italicized above. Laws of 1975, 2d Ex. Sess., ch. 47, § 1, p. 199.

vacations irresponsibly also.

That the Prosecutor's assignment of an unqualified deputy prosecutor to the land–use area constitutes an act of misfeasance in the performance of his duties.

In determining whether this charge satisfies the specificity requirements of RCW 29.82.010, we initially note our Supreme Court's recent statement in *McCormick v. Okanogan County,* 90 Wn.2d 71, 75, 578 P.2d 1303 (1978), that "the judiciary must exercise restraint in interfering with the elective process which is reserved to the people in the state constitution." Nevertheless, our obligation in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Janovich v. Herron,* 91 Wn.2d 767, 592 P.2d 1096 (1979); *Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977). Prior to the 1976 amendment of RCW 29.82.010, recall charges were sufficiently specific if they were definite enough to allow the charged official to meet the charges before the tribunal of the people. *Bocek v. Bayley,* 81 Wn.2d 831, 505 P.2d 814 (1973); *State ex rel. Citizens Against Mandatory Bussing v. Brooks,* 80 Wn.2d 121, 492 P.2d 536 (1972); *State ex rel. LaMon v. Westport,* 73 Wn.2d 255, 438 P.2d 200 (1968); *Danielson v. Faymonville,* 72 Wn.2d 854, 435 P.2d 963 (1967). The increased specificity requirements of RCW 29.82.010, as amended, are presumed to indicate a change in legislative purpose behind recall petitions. *See In re Adoption of Jackson,* 89 Wn.2d 945, 578 P.2d 33 (1978).

We perceive the specificity requirements of RCW 29.82.010 as serving two important functions. One is to ensure that the official being charged is notified of the precise act or acts of alleged misconduct so as to enable him to make a meaningful public response to the merits of each charge. The other is to aid the official responsible for reviewing the charges in formulating a ballot synopsis that contains a "concise statement of the elements of the charge" (RCW 29.82.020) sufficient to enable the voting public to make an informed decision whether to support the recall. *See* RCW 29.82.025. Rather than unduly bur-

dening the right to recall, these statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process.

We hold that charge 22 is not sufficiently specific to satisfy RCW 29.82.010 in several respects. The charge alleges that Herron "knowingly reassigned an unqualified deputy prosecutor".[6] However, the events Lopp specifies as evidence of the deputy's alleged lack of qualification to deal with land–use matters (*i.e.,* misadvising the planning commission and irresponsibly handling plat vacations) all occurred subsequent to the deputy's reassignment. Accordingly, even assuming the allegations to be true (*Skidmore v. Fuller,* 59 Wn.2d 818, 370 P.2d 975 (1962)), they do not support the charge that the *initial* reassignment was an act of misfeasance. Furthermore, the charge does not specify an approximate date when the alleged act of misfeasance occurred, namely, the reassignment of the deputy. The charge states only that the deputy "handled plat vacations irresponsibly," without specifying approximately when or where these acts took place, or what the nature of the alleged irresponsible acts was. Finally, the charge fails to specify the number of planning commission members actually present at the meeting. Again, while courts assume the truth of the charges (*Skidmore v. Fuller, supra*), had this number been provided, Prosecuting Attorney McClanahan could have determined as a matter of law whether the planning commission actually had a quorum present. As written, charge 22 is too vague to support a recall election.

Herron further asserts that charge 22 is not legally suffi-

---

[6]We note that the charge fails to allege that Herron made this reassignment with any actual knowledge that the deputy was unqualified at the time of the reassignment. Those recall charges found sufficiently specific in past Washington decisions all contained such an allegation. *See Bocek v. Bayley,* 81 Wn.2d at 837; *State ex rel. Citizens Against Mandatory Bussing v. Brooks,* 80 Wn.2d at 129; *State ex rel. LaMon v. Westport,* 73 Wn.2d at 259; *Morton v. McDonald,* 41 Wn.2d 889, 892, 252 P.2d 577 (1953). However, we decline to use this semantic distinction as a basis for our decision.

cient under the requirements of RCW 29.82.010. Whether the charge alleges acts legally sufficient to warrant a recall election depends upon whether any of the acts described, which are assumed to be true (*Skidmore v. Fuller, supra*), constitute misfeasance, malfeasance, or violations of the elective official's oath of office. *Danielson v. Faymonville, supra;* RCW 29.82.010; Const. art. 1, § 33. "Malfeasance" and "misfeasance" are comprehensive terms which include any wrongful conduct affecting the performance of official duties. *State ex rel. LaMon v. Westport, supra.*

■ Lopp charged that as prosecuting attorney Herron committed an act of misfeasance when he knowingly reassigned a deputy prosecutor who was allegedly unqualified in the area of land–use regulations to advise the county planning commission on such matters. We find this charge to be legally insufficient in one significant respect. Lopp alleged that the deputy prosecutor was unqualified to deal with land–use regulations. Yet, as a member of the Washington State Bar,[7] the deputy prosecutor has been conclusively deemed *qualified*[8] by the Washington State Supreme Court to practice law in this state. APR 5. Accordingly, the reassignment of this deputy, who had previously been deemed qualified to advise on all areas of Washington law, cannot be an act of misfeasance under RCW 29.82.010 or Const. art. 1, § 33.

Prior Washington decisions involving allegedly unqualified appointees do not support a contrary result in this

---

[7]RCW 36.27.040 establishes as the only eligibility requirement for a deputy prosecutor that he/she be admitted to the Washington State Bar. We take judicial notice that the deputy named in the recall charge had been so admitted prior to becoming a deputy. ER 201(b).

[8]Had the charge alleged that the deputy was *incompetent* as opposed to *unqualified* to render advice in the land–use area, our analysis might be different. While admittance to the Washington State Bar raises a strong presumption that the attorney is *competent* (*see State v. Piche,* 71 Wn.2d 583, 591, 430 P.2d 522 (1967)), the presumption can be overcome. *State v. McGinley,* 18 Wn. App. 862, 573 P.2d 30 (1977). However, so long as an attorney remains a member of the Washington State Bar, he is conclusively deemed *qualified* to counsel on all areas of Washington law. APR 5.

case. None of those decisions involved the appointment of someone, as here, whom the state's highest court has conclusively deemed qualified to perform the duties of her office. *Cf. State ex rel. Citizens Against Mandatory Bussing v. Brooks,* 80 Wn.2d 121, 492 P.2d 536 (1972).[9] We hold that charge 22 is neither factually sufficient nor legally sufficient under RCW 29.82.010 to serve as the basis for a recall election.

By counterclaim, Lopp seeks a review of McClanahan's rulings which determined that the other charges against Herron were insufficient to support a recall petition. The trial court correctly determined that it was without jurisdiction to review McClanahan's rulings on those charges, since Lopp had not challenged the rulings within 10 days of receipt of notice of them. RCW 29.82.160.[10] When an available remedy is purely statutory in character, the procedures provided in the statute are exclusive and mandatory and must be strictly followed. Otherwise the court has no jurisdiction to hear the matter at issue. *Hatfield v. Greco,* 87 Wn.2d 780, 557 P.2d 340 (1976). Lopp's request for relief was untimely filed and his counterclaim was properly dismissed.

Accordingly, we reverse the trial court's denial of Herron's petition for an extraordinary writ and direct the entry of an order dismissing charge 22 of the recall petition as legally and factually insufficient. In all other respects the

---

[9]In *State ex rel. Citizens Against Mandatory Bussing v. Brooks, supra,* the court categorized the statutory qualifications for obtaining the office of school superintendent as relating solely to eligibility and therefore of no consequence to a charge pertaining to performance in office. In this case, while admittance to the Washington State Bar pertains to the eligibility of a deputy prosecuting attorney, it also establishes conclusively that deputy's qualifications to perform in office as an attorney and provide legal counsel.

[10]RCW 29.82.160 provides in part: "That any proceeding to compel or prevent the performance of any such act [of any public officer in relation to the recall] shall be begun within ten days from the time the cause of complaint arises . . ."

rulings of the trial court are affirmed in both actions.

PETRIE, A.C.J., and PETRICH, J., concur.

Reconsideration denied April 8, 1981.

Review denied by Supreme Court July 17, 1981.