IN RE the PETITION FOR RECALL OF Glenn JENSEN, Glenn JENSEN, Petitioner-Appellant,

v.

Thomas E. MIESBAUER and Nancy Nollet, Respondents.

Court of Appeals

No. 84–936. Submitted on briefs October 16, 1984.—
Decided November 6, 1984.
(Also reported in 360 N.W.2d 535.)

For the appellant the cause was submitted on the briefs of *Michael J. Milliken* and *Marcovich, Cochrane & Milliken, S.C.,* of Superior.

For the respondents the cause was submitted on the brief of *Thomas W. Moran, IV,* and *Peterson, Cirilli & Moran* of Superior.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Glenn Jensen, town chairman of the Town of Amnicon, appeals an order directing the town clerk to conduct a recall election.  He claims that several of the recall petitions are void because the affidavits of personal circulation are false.  Because the false affidavits did not create a presumption that the recall petitions were circulated in substantial compliance with sec. 8.15, Stats., and because the trial court excluded other evidence offered to show that the petitions were properly circulated, we reverse the order directing a recall election and remand the matter for a new hearing.

Twenty-three petitions for the recall of Jensen were filed with the Amnicon town clerk.  Twenty-one of the petitions included a notarized affidavit of circulation by Thomas Miesbauer.  Miesbauer admits, however, that he did not personally circulate all of the petitions or per-

sonally obtain the signatures as stated in his affidavit. He left the petitions at local businesses and then retrieved them later. The trial court refused to invalidate the petitions containing Miesbauer's affidavit because it considered that the petitions were prepared in substantial compliance with statutory requirements.

Section 9.10(2)(a), Stats., provides that the preparation and form of a recall petition is governed by sec. 8.15, Stats. Section 8.15 requires that an affidavit of a qualified elector appear at the bottom of each recall petition stating that the affiant personally circulated the petition and personally obtained each of the signatures. The affidavit of circulation must also state that the affiant is personally acquainted with all the signers; knows that the signers are electors within the jurisdiction; knows that the signers signed the petition with full knowledge of its content; knows the respective residences of the signers; and knows that the signers signed on the dates stated opposite their names.

No presumption of regularity arises when a petition is filed without a proper affidavit of personal circulation. *See State ex rel. Boulton v. Zimmerman,* 25 Wis. 2d 457, 465, 130 N.W.2d 753, 757 (1964). The failure to file a proper affidavit does not automatically void the petition, however, because the statutory requirements for preparation, signing, and execution of petitions are directory rather than mandatory. *State ex rel. Ahlgrimm v. State Elections Board,* 82 Wis. 2d 585, 596, 263 N.W.2d 152, 157 (1978). Nevertheless, substantial compliance with recall procedures is necesary because of the significant interest of the officeholder in retaining his position. *See Beckstrom v. Kornsi,* 63 Wis. 2d 375, 387, 217 N.W.2d 283, 290 (1974). Substantial compliance requires that petitions be circulated in a manner that protects against

fraud and that assures that signers know the content of the petition. *See Montoya v. Lopez,* 659 P.2d 900, 901–02 (N.M. 1983).

A proper affidavit of personal circulation satisfies the evidentiary burden of proving substantial compliance, unless it is rebutted by the officeholder. *Boulton,* 25 Wis. 2d at 465, 130 N.W.2d at 757. In the absence of a proper affidavit, the person filing a petition bears the burden of proving substantial compliance by other evidence. *See Whitman v. Moore,* 125 P.2d 445, 455–56 (Ariz. 1942). Such evidence may include affidavits or testimony from persons who actually circulated the petition or from the signatories of the petition.

The trial court improperly accepted the petitions filed by Miesbauer without requiring competent evidence showing substantial compliance with the recall procedures. Competent evidence must be based on the personal knowledge of the witness. Section 906.02, Stats. Although Miesbauer testified that he personally knew most of the signatories, the trial court refused to allow testimony showing that he had personal knowledge of the circumstances of their signing the petitions. Without such evidence, Miesbauer did not prove that the petitions substantially complied with the recall procedure. Because he should have been allowed to present evidence that would show substantial compliance with sec. 8.15, we remand the matter to the trial court for a new hearing.

*By the Court.*—Order reversed and cause remanded with directions.