[No. 53724-1. En Banc. February 4, 1988.]

*In the Matter of the Recall of Fife City Council Member* JIM CALL.

GARRY MOORE, SR., ET AL, *Appellants*, v. JIM CALL, *Respondent*.

*Adams, Gagliardi & Halstead,* by *Bart L. Adams,* for appellants.

*Dan Haire,* for respondent.

DOLLIVER, J.—The proponents of a recall petition filed against Fife City Council Member Jim Call appeal on direct review from a superior court order denying the sufficiency of the recall charges. We affirm the trial court and hold the charges stated in the recall petition are legally insufficient.

In 1986, Pierce County was in the process of considering a rezone in which the City of Fife had a potential interest because of the proximity of the parcel to Fife and the possible regional effects of the rezone.

A letter dated December 3, 1986, was sent to the hearing examiner assigned to the rezone. The letter was prepared by a private attorney and stated it was being sent at the request of two named private Fife citizens. The letter indi-

cated the apparent deadline for comments on the rezone proposal was December 3, 1986, stated grounds for challenging the rezone, and requested further hearings be held. A copy of the letter was directed to the Fife City Council and was received by the Council on December 11, 1986.

On December 4, 1986, at a regularly scheduled open and public Fife City Council meeting, Call proposed a resolution to set aside $500 of City moneys as a contingency for the purpose of hiring a specific attorney to represent Fife should the City decide to challenge the rezone. The resolution was discussed, but the Council took no action. The attorney Call proposed hiring was the same attorney who had written the December 3, 1986 letter.

At a subsequent Council meeting on December 23, 1986, allegations were made that Call personally initiated the December 3, 1986 letter and had used the names of the two Fife citizens to conceal his involvement; that Call had failed to disclose his knowledge that the attorney who wrote the letter was the same attorney Call proposed hiring as outside counsel for the City of Fife; that Call's intent in making the motion on December 4, 1986, was to misappropriate City moneys to pay the attorney fees for the December 3, 1986 letter; and that Call knew the appeal period for the rezone had ended on December 3, 1986, when he made the motion of December 4, 1986, to hire an attorney to represent Fife in the rezone.

Call denied the allegations and stated he had no knowledge of the December 3, 1986 letter prior to December 11, 1986, when the letter was received by the Council. The recall petition arose out of these events.

The recall petition states two charges which recall proponents allege constitute malfeasance, misfeasance or violation of oath of office. The first charge states that Call made the December 4, 1986 resolution proposal with knowledge that the time for rezone appeal had expired and without disclosing the attorney in question was the same attorney who was representing the two private citizens in the rezone. Thus, the funds would, in effect, be used to pay the attor-

ney fees incurred for the preparation of the December 3, 1986 letter. The second charge alleges Call knowingly made three untrue statements at the December 23, 1986 Council meeting: (a) the proposed resolution was unrelated to the same attorney's representation of the two private Fife citizens named in the December 3, 1986 letter, (b) he had not initiated the December 3, 1986 letter, and (c) he had not seen the December 3, 1986 letter before December 11, 1986.

On February 13, 1987, a ballot synopsis was prepared by the Pierce County Prosecuting Attorney. On February 27, 1987, a hearing was held in the Superior Court for Pierce County. There was no voir dire examination of the petitioners. *See Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984). The court determined the allegations in the recall petition were insufficient. The recall petitioners' motion for reconsideration was granted and the matter was reconsidered on March 20, 1987, at which time the court affirmed the earlier decision and ruled the charges stated in the ballot synopsis were legally insufficient grounds for recall. Plaintiffs appealed this decision.

The right to recall elected officials derives from article 1, sections 33 and 34 (amend. 8) of the Washington Constitution. Pursuant to this constitutional provision, the Legislature has adopted RCW 29.82 to provide the framework for the recall process. The sufficiency of recall charges has been addressed several times in recent cases: *Greco v. Parsons,* 105 Wn.2d 669, 717 P.2d 1368 (1986); *Teaford v. Howard,* 104 Wn.2d 580, 707 P.2d 1327 (1985); *Estey v. Dempsey,* 104 Wn.2d 597, 707 P.2d 1338 (1985); *Chandler v. Otto,* 103 Wn.2d 268, 693 P.2d 71 (1984); *Cole v. Webster,* 103 Wn.2d 280, 692 P.2d 799 (1984).

The right to recall elected officials is limited to recall for cause so as to free public officials from the harassment of recall elections grounded on frivolous charges or mere insinuations. *Chandler,* at 274. Recall for cause requires a petition to be both legally and factually sufficient. *Chandler,* at 274. As noted in *Chandler:*

Factually sufficient means the petition must comply with the specificity requirements of RCW 29.82.010. As noted in *Herron* [*v. McClanahan,* 28 Wn. App. 552, 625 P.2d 707, *review denied,* 95 Wn.2d 1029 (1981)], at 560, "these statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process." Factually sufficient indicates that although the charges may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office. . . .

Legally sufficient means that an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. . . . To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.

*Chandler,* at 274.

There can be no inquiry by the court into the truth or falsity of the charges, nor can there be inquiry into the motives of those filing the charges. *Roberts v. Millikin,* 200 Wash. 60, 93 P.2d 393 (1939).

■ The fundamental doctrine of separation of powers prohibits the judicial branch from invading the right of a legislative body to exercise its legislative powers. *State ex rel. Gunning v. Odell,* 58 Wn.2d 275, 278, 362 P.2d 254 (1961) (citing *Household Fin. Corp. v. State,* 40 Wn.2d 451, 244 P.2d 260 (1952)). Proposing a resolution is a legitimate legislative function. Call was within his discretion to propose a resolution when acting in a legislative capacity as a city council member. *Chandler,* at 274. The charge alleging Call made an improper resolution is legally insufficient.

■ As to the second charge, it must also fail. Article 2, section 17 of the Washington Constitution protects legislators from civil action or criminal prosecution for words spoken in debate. This provision on its face applies only to the State Legislature and to actions brought in a court of

law. We believe, however, the necessity for free and vigorous debate in all legislative bodies is part of the essence of representative self–government. The legislative process would become stunted and open debate impossible if members of any legislative body were to be subject to recall simply on the basis of statements made during the give and take of legislative debate. We do not believe the people in adopting amendment 8 intended to authorize a recall based on words uttered in a legislative process—whether they be true or false.

The 1984 cases of *Cole v. Webster, supra,* and *Chandler v. Otto, supra,* discussed the recall of elected officials in light of RCW 29.82.010, as amended by Laws of 1984, ch. 170. In *Chandler v. Otto* we held elected officials cannot be recalled for legally exercising the discretion granted them by law. There is no greater or more important discretion afforded a legislator, whether state or municipal, than to engage in debate in the legislative context, including the offering of proposed resolutions or legislation. Here the entire matter complained of involved nothing more than debate and the proposing of a resolution which was not adopted. This is legally insufficient to support a petition for recall.

Neither charge in the recall petition is legally sufficient. The trial court is affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, and GOODLOE, JJ., concur.

ANDERSEN, J., concurs in the result.

DURHAM, J. (dissenting)—Under this state's constitution and statutes, elected officials are subject to recall whenever they commit misfeasance, malfeasance or a violation of the oath of office. Despite the unrestricted language of these provisions, the majority creates a new exception immunizing legislators from recall when their misconduct consists of words spoken in debate. This holding inexcusably restricts the rights of citizens to recall their elected officials. Accord-

ingly, I dissent.

The state constitution provides that elected public officers are subject to recall whenever a petition is filed reciting that the officer "has committed some act or acts of malfeasance or misfeasance while in office, or . . . has violated his oath of office". Const. art. 1, § 33 (amend. 8). The statute enacted to carry out this constitutional provision uses the same all-encompassing language. RCW 29.82.010. This broad language gives no indication that any exceptions to this recall power exist. Rather, legislators are subject to recall for *any* misconduct that rises to the level of misfeasance, malfeasance or violation of the oath of office.

Moreover, statutory and constitutional recall provisions such as these should be liberally construed and any limitations should be strictly construed. 63A Am. Jur. 2d *Public Officers and Employees* § 190 (1984). In this state, we have phrased this rule in a slightly different form, holding that recall provisions are to be construed in favor of the voter, not the elected official. *Pederson v. Moser,* 99 Wn.2d 456, 462, 662 P.2d 866 (1983); *McCormick v. Okanogan Cy.,* 90 Wn.2d 71, 78, 578 P.2d 1303 (1978).

Despite the lack of any qualifying language in the recall provisions and the rules of construction discussed above, the majority holds that legislators cannot be recalled for words spoken in debate. The majority bases this holding on the constitutional section establishing the freedom of legislative debate, which reads as follows: "No member of the legislature shall be liable in any civil action or criminal prosecution whatever, for words spoken in debate." Const. art. 2, § 17. Recall proceedings, however, are by no means civil actions or criminal prosecutions. Recall is an "electoral process" rather than a judicial action. *See Teaford v. Howard,* 104 Wn.2d 580, 583, 707 P.2d 1327 (1985); *Chandler v. Otto,* 103 Wn.2d 268, 270, 693 P.2d 71 (1984). Therefore, the very terms of the legislative debate privilege show that it does not apply to recall proceedings. Keeping in mind that we must construe recall provisions in favor of the voter, the majority's interpretation in favor of the leg-

islator is indefensible.

The majority attempts to justify its holding not on grounds of proper interpretation of statutes, but rather on policy grounds. According to the majority, application of the debate privilege to recall proceedings is necessary to protect "free and vigorous debate in all legislative bodies". However, this protection is already largely provided in the recall process. Recall elections cannot be held until a court has passed on the petition's legal and factual sufficiency, thereby protecting officials from the harassment that results from the filing of frivolous charges. *Greco v. Parsons,* 105 Wn.2d 669, 671, 717 P.2d 1368 (1986); *Cole v. Webster,* 103 Wn.2d 280, 283, 692 P.2d 799 (1984). The purpose behind the legislative debate privilege is likewise to enable legislators to function freely without fear of harassment. 72 Am. Jur. 2d *States, Territories and Dependencies* § 55 (1974). Admittedly, the debate privilege would provide even greater protection from harassment than would the current system, because it would insulate legislators from even nonfrivolous recall charges. Surely, however, the protection from frivolous petitions that currently exists is more than sufficient to preserve free and vigorous debate. Additionally, the majority ignores the tremendous costs associated with its holding. That decision deprives the citizens of this state of their right to recall officials who have covered up corruption, lied, or otherwise engaged in spoken misconduct. These costs outweigh the marginal benefits of increased protection for legislative debate.

In conclusion, this state's recall provisions should be interpreted in the straightforward manner in which they are written. Legislators should be subject to recall for any misconduct, spoken or otherwise, that constitutes misfeasance, malfeasance, or a violation of the oath of office. I dissent from the majority's unjustified limitation of these recall principles.

CALLOW, J., concurs with DURHAM, J.