IN the MATTER OF the RECALL OF MAYOR
Thomas H. REDNER, Mayor of the City of Hudson,
Wisconsin: Thomas H. REDNER, Appellant,

v.

Gerald P. BERNING, Clerk, City of Hudson, Wisconsin, and Alvin Weitkamp, Chairman of the Committee
for Recall of Mayor Thomas Redner, Respondents.
[Case No. 89-1257-FT.]

Thomas H. REDNER, Petitioner-Appellant,

v.

Gerald P. BERNING, Clerk, City of Hudson, St. Croix
County, Wisconsin, Respondent. [Case Nos.
89-1258-FT, 89-1475-FT.]

IN the MATTER OF the RECALL OF MAYOR
Thomas H. REDNER, Mayor of the City of Hudson,
Wisconsin: Thomas H. REDNER, Appellant,

v.

Gerald P. BERNING, Clerk, City of Hudson, Wisconsin, Respondent. [Case No. 89-1476-FT.]

Court of Appeals

*Nos. 89-1257-FT, 89-1258-FT, 89-1475-FT, 89-1476-FT.
Orally argued November 15, 1989.—Decided November 28,
1989.*

(Also reported in 450 N.W.2d 808.)

383

For petitioner-appellant, Thomas Redner, there were briefs submitted by *Edward F. Vlack* of *Davison & Vlack* and oral argument by *Edward F. Vlack,* of River Falls.

For respondent, Alvin Weitkamp, there was a brief submitted and oral argument by *Jeffrey F. Shaw,* of Hudson.

For respondent, Gerald P. Berning, there was a brief and oral argument by *William J. Radosevich,* of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Mayor Thomas Redner of Hudson, Wisconsin, appeals a circuit court decision that a petition for his recall is sufficient to trigger a recall election.[1] Redner advances two lines of argument. First, he alleges

---

[1]This is an expedited appeal under Rule 809.17.

that the petition fails to properly allege cause for the recall, as required by sec. 9.10(4)(b), Stats. Second, he argues that various technical and procedural errors require that the petition be dismissed or, at a minimum, that the circuit court hold an evidentiary hearing on whether the petition substantially complies with election law requirements. We hold that the petition, read liberally, adequately alleges cause for Mayor Redner's recall. We also hold that the trial court did not err by refusing to hold an evidentiary hearing or issue a writ of mandamus based on the alleged defects in the petition process and in the petition itself. Accordingly, we affirm the trial court's order that the city of Hudson hold an election to determine whether Mayor Redner should be recalled from office.

The underlying controversy in this case concerns the siting of a dog racing track in Hudson. An advisory referendum indicated that a substantial majority of the city's citizens oppose the track's construction. On the other hand, Mayor Redner has been a staunch supporter of the track. A recall committee circulated a petition for Redner's recall and collected over 700 signatures: 427 are required under the law to force a recall election.[2] The committee filed the petition with the city clerk.

Mayor Redner and others challenged the petition, claiming a host of mainly technical defects. The clerk rejected the petition, but, pursuant to sec. 9.10(2)(r), the petitioners later filed an amended petition. This time, the clerk certified the petition, finding that there had been substantial compliance with the statutory requirements.

Redner filed two actions in circuit court, one seeking to determine whether the petition sufficiently stated

[2]A number of signatures, not at issue in this case, were struck by the clerk, bringing the total number of valid signatures to 688.

cause and the other seeking a writ of mandamus directing the clerk to dismiss the petition. The trial court ruled that the petition adequately stated cause and that there had been substantial compliance with the statutory requirements, and refused to issue a writ. Redner later moved to vacate both decisions on the basis of new evidence concerning the oaths taken by the petition's circulators. The trial court again refused to block the election. Mayor Redner appeals.

The initial question before this court is whether the petition adequately states cause for Mayor Redner's recall. Section 9.10(2)(b) provides in part: "A recall petition for a city . . . office shall contain the grounds which constitute the cause and the cause upon which removal is sought. In this paragraph, 'cause' has the meaning given under s. 17.16(2)." Section 17.16(2) defines "cause" as "inefficiency, neglect of duty, official misconduct or malfeasance in office."

When applying these statutes, there are certain statutory rules of construction we must follow. "[S]tatutory provisions relating to recall are to be liberally interpreted in favor of the electorate." *Carlson v. Jones,* 147 Wis. 2d 630, 636, 433 N.W.2d 635, 637 (Ct. App. 1988). A court is only permitted to pit the allegations of the petition against the statutory requirements. *Id.* at 637, 433 N.W.2d at 638. "This is the equivalent of determining whether a pleading states a claim." *Id.*

The recall petition must set forth reasons directly related to the subject's official duties with "sufficient specificity to give notice to the official so that he can respond to the electors." *Id.* at 638, 433 N.W.2d at 638. The circuit court's role is to "winnow out those recall petitions which are wholly frivolous and inconsequential

and therefore do not constitute cause for recall." *Id.* at 637, 433 N.W.2d at 638. This is a question of law that we review de novo. *Id.* Also, we emphasize that when determining whether cause is alleged, it is not the court's function to determine the truth or falsity of the grounds alleged in the petition. Sec. 9.10(2)(b), Stats. That function is reserved solely for the voters. *Carlson,* 147 Wis. 2d at 637, 433 N.W.2d at 637–38.

Read in this light, the petition is sufficient. Although support for the dog track is not grounds for recall in and of itself, this petition goes beyond criticizing the mayor's political positions and alleges he took improper actions in support of the track. Specifically, para. 2(c) alleges "[The mayor] recommend[ed] and presid[ed] in favor of a purported Council resolution in support of the [dog track] facility despite the Council's failure to obtain a three-fourths majority vote as required." Liberally interpreted, this alleges that the mayor acted contrary to Hudson's laws or ordinances relating to council voting. This allegation, especially when read in conjunction with the rest of the petition that alleges bias in favor of racing interests and cites other specific examples of actions taken to speed approval of the track, constitutes, if true, at least neglect of duty. The petition gives notice to the mayor as to what acts serve as the basis for the recall attempt, and he can address his response to the voters.[3]

Mayor Redner also asks that he be allowed to present evidence in some forum that the allegations in the

---

[3]Because we decide that para. 2(c), standing alone and when read as a portion of the petition as a whole, sufficiently alleges cause for recall, this court does not reach the issue of whether the other grounds contained in the petition are also independently sufficient.

petition are patently false. Section 9.10 limits our jurisdiction to examining whether the petition itself alleges cause. *Carlson* clearly states that the recall procedure does not contemplate a denial of the allegations in the petition and that it is for the people, not the courts, to decide the merits of the allegations stated in the petition. *Id.* at 637, 433 N.W.2d at 637–38. It is inappropriate for a court to consider the factual accuracy of a petition either at a hearing on cause or by writ.

Section 9.10(4)(b) states that the circuit court has jurisdiction only to determine whether the petition states cause for recall. However, all of the parties seek clarification of footnote 1 in *Carlson.* It reads: "This does not preclude a circuit court from addressing certain election irregularities or defects by writ of certiorari, writ of prohibition or writ of mandamus." *Id.* at 636 n. 1, 433 N.W.2d at 637 n. 1.

Based on this language in *Carlson,* Redner raises numerous issues in his application for a writ of mandamus. There are four criteria for the issuance of a writ: clear legal right, positive and plain duty, substantial damages and lack of an adequate legal remedy. *State ex rel. Morke v. Wisconsin Parole Bd.,* 148 Wis. 2d 250, 252, 434 N.W.2d 824, 825 (Ct. App. 1988). It is within the circuit court's discretion to grant or deny a writ of mandamus. *State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 171, 346 N.W.2d 457, 459 (1984).

Most of Redner's challenges are based on alleged technical defects in the petitions. The statutory requirements for preparation, signing, and execution of petitions are directory rather than mandatory. *Jensen v. Miesbauer,* 121 Wis. 2d 467, 469, 360 N.W.2d 535, 536 (Ct. App. 1984). However, substantial compliance with

the recall procedure is necessary. *Id.* Substantial compliance requires the petitions be circulated in a manner that protects against fraud and that assures the signers knew the contents of the petitions. *Id.* at 469–70, 360 N.W.2d at 536. We will examine the alleged defects in the order Redner presents them to this court.

Redner first argues that the trial court erred by failing to allow him to file a challenge to the amended petition. We agree with the trial court that such a challenge is not contemplated by the statutes. The statutes do allow for a challenge to the petition. Sec. 9.10(2)(h), Stats. However, once an amended petition has been filed, the clerk has only two days to rule on whether the insufficiencies noted in the original petition have been corrected. Sec. 9.10(4), Stats. The challenger cannot initially raise defects at this point when the petitioners have no opportunity to amend their petition and correct the defect. If the challenger has raised the issue in its challenge, then the clerk should reject the amended petition if it has not been adequately corrected. If it has not been corrected and the clerk still certifies the petition, then the challenger can seek a writ ordering the petition be dismissed.

Redner next attacks the failure of many of the petition's signatories to list their municipality of residence, as required by sec. 8.15(2), Stats.[4] As amended, the city of residence was included, although Redner alleges this was done by someone other than the original signer. We

---

[4]Section 8.15(2) provides:

Only one signature per person for the same office is valid. In addition to his or her signature, each signer of a nomination paper shall list his or her municipality of residence for voting purposes, the street and number, if any, on which the signer resides, and the date of signing.

note first that the petition itself states that the signer is a resident of Hudson. We also note that Redner does not complain that any signer actually resides outside the city. We agree with the trial court that this constitutes substantial compliance and is not grounds for the issuance of a writ. Redner also attacks the failure of signatories to include the date of signing on the petition. Once again, that defect was corrected on the amended petition, and Redner makes no charge that the signatures were gathered outside the applicable time period. We again uphold the trial court's finding of substantial compliance.

Redner also argues the requirements that "RECALL PETITION" be printed on the face of the petition at the top, sec. 9.10(2)(a), and that an affidavit of circulation be at the bottom of the page, sec. 8.15(4)(a), when read together, require the petition be one page in length. The petitions at issue are three pages long. Assuming, for the sake of argument, that this is a proper reading of the statute, the requirement is still directory, and Redner fails to convince us that any defect rose to the level where it facilitated misrepresentation or that the trial court erred when it found substantial compliance.

Redner next argues that several petitions were not timely amended. The petition was initially found insufficient on May 15, 1989. The petitioners had five days to file an amended petition. May 20 fell on a Saturday. As a result, the petitioners had until the following Monday, May 22, to file the amended petitions. *See* sec. 990.001(4)(c), Stats. The affidavits complained of were signed May 21 and are valid. Additionally, striking all of those petitions would still leave enough valid signatures to force a recall.

392

Redner's next point is that the affidavits do not properly allege personal knowledge as required by sec. 8.15(4)(a).[5] His basic complaint is that the circulators stated, for example, "that each of the signers is a qualified elector within the City of Hudson," rather than *I know* "that each of the signers is a qualified elector within the City of Hudson." The trial court found that this form substantially complied with the statutory requirements. We do not find an abuse of discretion in failing to issue a writ on these grounds.

Next, Redner argues that, under *Jensen,* any error in the petition entitles him to an evidentiary hearing to determine whether there is substantial compliance with the statutory requirements. We do not read *Jensen* that broadly. Any reference to *Jensen* must acknowledge the context of that case. *Jensen* dealt with a petition filed without an affidavit or with a void affidavit. Under those circumstances, accepting the petitions without further competent evidence, such as affidavits or testimony, is improper.

---

[5]Section 8.15(4)(a) provides in part:

> The affidavit of a qualified elector stating his or her residence with street and number, if any, shall appear at the bottom of each nomination paper, stating he or she personally circulated the nomination paper and personally obtained each of the signatures; he or she knows they are electors of the ward, aldermanic district, municipality or county, as the nomination papers require; he or she knows they signed the paper with full knowledge of its content; he or she knows their respective residences given, he or she knows each signer signed on the date stated opposite his or her name; and, that he or she, the affiant, resides within the district which the candidate named therein will represent, if elected; that he or she intends to support the candidate; and that he or she is aware that falsifying the affidavit is punishable under ss. 12.13(3)(a) and 946.32(1)(a), Wis. stats. . . .

In most instances, the petition will either be sufficient or insufficient on its face and recourse to extrinsic evidence will not be necessary. In other cases, affidavits and other non-testimonial evidence will be sufficient to determine whether there is substantial compliance. Only rarely will the issue of substantial compliance require any sort of evidentiary hearing.[6] The trial court is certainly not mandated to hold a hearing merely on a showing of a defect in the petition.

After the trial court's initial determinations, Redner sought to vacate the orders under sec. 806.07, Stats., on the grounds of newly-discovered evidence. Specifically, Redner alleged that none of the oaths given to the circulators ended in the words "so help me God," as required by sec. 990.01(24).

One of the requirements under sec. 806.07 is that the new evidence would probably change the outcome of the case. *Zapuchlak v. Hucal,* 82 Wis. 2d 184, 199, 262 N.W.2d 514, 522 (1978).[7] This allegation that the circulators' oath was not in proper form does not meet this standard. The circulators were asked whether they had read the petition and affidavit of the circulator, whether they understood it, and whether they swore to it. This constitutes substantial compliance with the dictates of the statutes.

---

[6]One instance where it may be proper to hold an evidentiary hearing is when significant fraud or misrepresentation is alleged by the challenger under sec. 9.10(2)(m). However, given the facts presented in this case, the trial court's failure to hold an evidentiary hearing did not constitute an abuse of discretion.

[7]This court has some doubts that sec. 806.07 is applicable to a recall procedure. However, because the parties do not address this issue and because the merits of the underlying allegation are easily resolved, we do not reach it in this opinion.

██

"Chapters 5 to 12 shall give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of its provisions." *Stahovic v. Rajchel,* 122 Wis. 2d 370, 376, 363 N.W.2d 243, 246 (Ct. App. 1984). The petitions are not free of error. However, no one seriously disputes that, at least as of six months ago, a sufficient number of electors wished to vote on Mayor Redner's recall. Redner has not met his heavy burden of showing that a writ should issue and that the trial court abused its discretion by failing to issue a writ.

*By the Court.*—Orders affirmed.