903 P.2d 1055 (1995)
Erich von STAUFFENBERG, Robert Andrews, Judy Ereckson, Timothy Shields and Richard Folta, Appellants,
v.
The COMMITTEE FOR an HONEST AND ETHICAL SCHOOL BOARD, Appellee.
No. S-5795.
Supreme Court of Alaska.
October 6, 1995.
*1056 John M. Sedor, Bankston & McCollum, Anchorage, for Appellants.
Richard D. Monkman, Dillon & Findley, Juneau, for Appellee.
Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

OPINION
RABINOWITZ, Justice.

I. INTRODUCTION

Erich von Stauffenberg, Robert Andrews, Judy Ereckson, Timothy Shields and Richard Folta appeal the superior court's grant of partial summary judgment in favor of the Committee for an Honest and Ethical School Board. In this appeal we must determine whether allegations contained in a recall petition state legally sufficient grounds for the recall of elected municipal officials under Alaska's statutes.

II. FACTS AND PROCEEDINGS

During the 1992-93 school year, the Haines Borough (Borough) was consumed with controversy surrounding elementary school principal Mary Asper (Asper). A number of parents felt that Asper should not be retained because she lacked the ability to perform her job.
On April 6, 1993, the Haines Borough School Board[1] (Board) held a regularly scheduled meeting. The Board was to consider whether to retain Asper for the 1993-94 school year. A number of concerned parents and other members of the community attended the meeting to express their views regarding the retention of Asper. Asper requested that Board discussion regarding her retention take place in executive session. The minutes reflect that, in response to Asper's request, the Board went into executive session after reciting an exception to the Open Meetings Act.[2] The minutes state as follows:
M/S Young/Staska to move into executive session to discuss items which would tend to prejudice the reputation and character *1057 of a person, and that person has been given notice and the opportunity to request a public discussion.
Upon reconvening in public session, the Board refused to hear any public testimony relating to the retention of Asper. Superintendent Billingsley then recommended to the Board that it not retain Asper. School Board member Shirley Willard then moved to nonretain Asper. However, the motion failed for lack of a second and Asper was retained for the next school year. In response to the Board's rejection of her recommendation, Superintendent Billingsley submitted her resignation, which she subsequently withdrew. These events received much attention and caused considerable debate and discord in the Haines Borough.
Soon thereafter, a group of "concerned parents and voters" formed the Committee for an Honest and Ethical School Board (Committee). Members of the Committee submitted to the Haines Borough Clerk (Clerk) an application for a recall petition to recall five of the seven Board members. The five Board members whose recall was sought were Robert Andrews, Arlana Young, Nancy Nash, Ray Menaker and Ray Staska. The application stated the grounds for recall[3] as follows:
[M]isconduct in office and failure to perform prescribed duties by these members, specifically:
(1) Misconduct on April 6, 1993 when the members entered into an improper, closed door executive session, in violation of Alaska Law, and discussed the superintendent's decision on the retention of Mary Asper; and
(2) Misconduct on April 6, 1993 when the members refused to support the superintendent's decision on the retention of Mary Asper, which had the effect of forcing the superintendent to resign and a course of action that was not in the best interests of the students of the Haines Borough School District; and
(3) Failure to perform prescribed duties by failing to provide full and open communication between themselves and the voters of the district on then [sic] subject of the retention of Mary Asper; and
(4) Failure to perform prescribed duties by attending an improper, closed door executive session, in violation of Alaska law, [c]oncerning the superintendent's decision on the retention of Mary Asper.[4]
The Clerk initially determined that the application met the requirements of AS 29.26.260, and issued petitions to the recall sponsors as mandated by AS 29.26.270. Members of the Committee circulated the recall petitions and obtained a sufficient number of signatures. The Committee then filed the petition with the Clerk as required by AS 29.26.290(a). The Clerk certified the sufficiency of the petition and scheduled a recall election for July 20, 1993. However, the Clerk subsequently "rescinded" her prior determination that the grounds for recall were sufficient. The Clerk made a new determination that the petition was "insufficient for failure to allege, with particularity, facts that constitute any of the three statutory grounds for recall." The Clerk based her decision on a recommendation by the Haines Borough Attorney.
The Committee promptly filed suit against the Borough and the Clerk, requesting the superior court to declare that the application met the requirements of AS 29.26.240-.360 and to order the Clerk to proceed with the election. The Committee then moved for summary judgment.
The superior court granted the Committee's motion for summary judgment in part and, to the extent that summary judgment was not granted to the Committee, the superior court granted summary judgment to the *1058 Borough. The only issue addressed by the superior court was whether the grounds set forth in the recall petition complied with the statutory standards of sufficiency. The superior court relied on this court's directive in Meiners v. Bering Strait School District, 687 P.2d 287, 296 (Alaska 1984), that the recall statutes are to be "liberally construed," and stated in pertinent part as follows:
Based upon [Meiners v. Bering Strait School District, 687 P.2d 287 (Alaska 1984)], the court concludes that the first and the fourth paragraphs of the petition include sufficient statements of grounds for recall. Of course, the ultimate decision is left to the voters, who may accept or reject the claims of the petitioners.
....
For the above stated reasons, the committee is entitled to partial summary judgment to the effect that the first and fourth stated grounds for recall must be submitted to the voters. The defendants are entitled to partial summary judgment to the effect that the second and third stated grounds for recall are not sufficient and may not be presented to the voters at a recall election.
It will also be the order of the court that the borough clerk proceed immediately to complete all steps necessary to hold the recall election at the earliest possible date.
The superior court then entered final judgment.
Thereafter, Erich von Stauffenberg, Robert Andrews, Judy Ereckson, Timothy Shields and Richard Folta (Intervenors) moved to intervene in the action. The superior court granted the motion to intervene for the purpose of appealing the grant of partial summary judgment in favor of the Committee. This appeal followed. The superior court later ordered the Borough to pay the Committee's reasonable attorney's fees in the amount of $7,885.50.[5]

III. DISCUSSION

A. Mootness

The Committee argues that this appeal should be dismissed as moot. Specifically, the Committee notes that the recall election was certified many months ago without contest or appeal, and that State policy favors electoral repose. AS 29.26.070(e).[6] In response, the Intervenors argue that although this appeal may be moot, this court should consider the merits because attorney's fees were awarded, and in the alternative, because it falls within the public interest exception to the mootness doctrine. In addition, the Intervenors argue that this appeal is not moot as to Robert Andrews and Ray Staska, whose reputation interests are at stake.
In LaMoureaux v. Totem Ocean Trailer Express, Inc., 651 P.2d 839 (Alaska 1982), we overruled cases to the contrary and held that we would review an otherwise moot issue on its merits to determine who the prevailing party is for purposes of awarding attorney's fees.[7] In the present case, the superior court awarded the Committee $7,885.50 in attorney's fees and costs. Thus, based on the reasoning in LaMoureaux, we will consider the merits of this appeal, although *1059 moot, because a reversal would require the Committee to repay this award.[8]

B. Sufficiency of the Grounds for Recall[9]
The Intervenors argue that the superior court erred in concluding that the first and fourth paragraphs of the recall petition contain sufficient statements of grounds for recall. Specifically, the Intervenors argue that the grounds for recall are not legally sufficient and are not stated with particularity. In addition, the Intervenors argue that the superior court erred in failing to determine the truth or falsity of the allegations.

1. The Recall Statutes in Alaska[10]
Article XI, section 8 of the Alaska Constitution states:
All elected public officials in the State, except judicial officers, are subject to recall by the voters of the State or political subdivision from which elected. Procedures and grounds for recall shall be prescribed by the legislature.
The legislature provided for the recall of elected and appointed municipal officials in article 3 of AS 29.26. An elected or appointed municipal official may be recalled by the voters after the official has served the first 120 days of his or her term. To begin the recall process, AS 29.26.260 requires that an application for recall petition be filed with the municipal clerk. The application must include, among other things, "a statement in 200 words or less of the grounds for recall stated with particularity." AS 29.26.260(a)(3). The statutory grounds for recall are "misconduct, in office, incompetence, or failure to perform prescribed duties." AS 29.26.250.
If the clerk determines that an application meets the requirements of AS 29.26.260, he or she then issues a recall petition. AS 29.26.270. After the petition is circulated by its sponsors, the clerk determines whether the signatures obtained meet the signature requirements of AS 29.26.280. Then under AS 29.26.290(a)(1), the clerk must certify on the petition whether it is sufficient or insufficient. Sufficient petitions are then submitted to the municipal governing body which schedules a recall election. AS 29.26.310.320. The statutes offer the recall target an opportunity to make a rebuttal statement of 200 words or less which will be placed on the recall ballot alongside the statement of the charges. AS 29.26.330(2).

2. Legal Sufficiency of the Grounds for Recall

As stated above, the legislature has specified that the grounds for recall of municipal officials are "misconduct in office, incompetence, or failure to perform prescribed duties." AS 29.26.250. The right to recall municipal officials in Alaska is therefore limited to recall for cause. See Meiners, 687 P.2d at 295.[11] In reviewing the legal sufficiency of allegations in recall petitions, this court is "in a position similar to a court ruling on a motion to dismiss a complaint for failure to state a claim ... [and] we must [therefore] take the allegations as true...." Id. at 300-01 n. 18. Thus, in the present case, we take the facts alleged in the first and fourth paragraphs as true and determine whether such facts constitute a prima facie *1060 showing of misconduct in office or failure to perform prescribed duties.[12]
Both paragraphs one and four allege that the officials whose recall was sought violated Alaska law on April 6, 1993 when the Board went into executive session for consideration of whether to retain Asper as the elementary school principal. Under the Alaska Open Meetings Act, government meetings are required to be open. AS 44.62.310(a). However, certain excepted subjects may be discussed in an executive session including "subjects that tend to prejudice the reputation and character of any person...." AS 44.62.310(c)(2). In City of Kenai v. Kenai Peninsula Newspapers, Inc., 642 P.2d 1316 (Alaska 1982), this court held that a city council was authorized by AS 44.62.310(c)(2) to meet in executive session while discussing the personal characteristics of city manager applicants. Id. at 1325-26. Thus, we conclude that the officials whose recall was sought did not violate Alaska law as alleged in paragraphs one and four.[13]
Courts from other jurisdictions have held that where recall is required to be for cause, elected officials cannot be recalled for legally exercising the discretion granted to them by law.[14] The recall targets in this case were properly exercising the discretion granted to them by law when they went into an executive session for consideration of whether to retain Asper. We therefore hold that the superior court erred in concluding that paragraphs one and four of the recall petition contain sufficient statements of grounds for recall.

3. Particularity of the Grounds for Recall

As stated above, AS 29.26.260(a)(3) requires that the grounds for recall be stated with particularity. "The purpose of the requirement of particularity is to give the officeholder a fair opportunity to defend his conduct in a rebuttal limited to 200 words." Meiners, 687 P.2d at 302. The allegations in paragraphs one and four suggest that it was improper for the Board to enter into the executive session to discuss Asper's retention. However, the allegations fail to state why entering into the executive session was violative of Alaska law. Thus, we hold that paragraphs one and four of the recall petition lack sufficient particularity.

4. Truth or Falsity of the Grounds for Recall

This court stated in Meiners that it will not determine the truth or falsity of allegations in a recall petition: "We emphasize that it is not our role, but rather that of the voters, to assess the truth or falsity of the allegations in the petition." Id. at 300 n. 18. This is the position taken by courts from other states.[15] Thus, we hold that the superior court did not err in failing to determine the truth or falsity of the recall allegations.

*1061 C. Capacity to Sue

In its complaint, the Committee described itself as "an unincorporated association of parents and citizens of the Haines Borough," and asserted that it had "the capacity to sue under Civil Rule 17(b)."[16] In its answer, the Borough averred that the Committee lacked the "capacity to sue, not being a bona fide association with an actual existence, sufficient to support capacity to sue under Alaska case law." On appeal, the Intervenors argue that the Committee lacks the capacity to sue under Civil Rule 17(b). In response, the Committee argues that the Borough waived the issue of capacity before the superior court, and therefore, that the Intervenors cannot challenge the Committee's legal capacity on appeal. Specifically, the Committee argues that the Borough did not conduct discovery, move to dismiss, or move for summary judgment on this issue. The superior court did not address the issue of capacity in its final decision.
One authority states that since capacity is a threshold defense somewhat analogous to lack of personal jurisdiction or improper venue, it should be considered as waived under Rule 12(h)(1) if not brought to the trial court's attention by a preliminary motion.[17] The defense of lack of capacity can be raised by a motion to dismiss for failure to state a claim, a motion to strike, a motion for judgment on the pleadings, or a motion for summary judgment.[18]
The Borough properly pleaded the issue of capacity in its answer, but did not bring the issue to the superior court's attention by a motion to dismiss for failure to state a claim, a motion to strike, a motion for judgment on the pleadings, or a motion for summary judgment. It was incumbent upon the Borough to bring the issue to the superior court's attention and obtain a ruling on it.[19] We conclude that the Borough's failure to do so constitutes waiver and thus decline to consider the issue of capacity on appeal.

D. Due Process

The Intervenors argue for the first time on appeal that recall targets have a due process right to notice and a hearing under the due process clause of the Alaska Constitution prior to the holding of a recall election to determine the truth or falsity of recall allegations.[20] In response, the Committee argues that this challenge should not be considered as it was not raised below. We agree, and decline to consider this issue presented for the first time on appeal.[21]

IV. CONCLUSION

We REVERSE the superior court's grant of summary judgment in favor of the Committee and VACATE the superior court's award of attorney's fees to the Committee.
NOTES
[1] The Haines Borough is a third class borough incorporated pursuant to AS 29.04.030(3) and, as such, the Haines Borough Assembly also serves as the Haines Borough School Board. AS 29.20.300(b).
[2] Alaska Statute 44.62.310(c) provides that certain excepted subjects may be discussed in executive session including "subjects that tend to prejudice the reputation and character of any person, provided the person may request a public discussion[.]" AS 44.62.310(c)(2).

Besides Board members, the following individuals attended the executive session: Asper, her husband Linn Asper, her attorney Richard Folta, and Nancy Billingsley, the superintendent of the Haines School District. The executive session lasted approximately 90 minutes.
[3] Under AS 29.26.250, the grounds for recall of an elected municipal official are "misconduct in office, incompetence, or failure to perform prescribed duties."
[4] Contrary to the allegations contained in the recall petition, several of the recall sponsors were quoted in the press as saying that the recall targets probably did not violate Alaska law. Larry Glackin, one sponsor, was quoted as stating that "[e]verything [the Board] did was probably strictly legal[.]" Similarly, Shane Horton, another sponsor, was quoted as stating that the Board's conduct may have been legal, "but legal is not necessarily just and right."
[5] The following facts are only marginally related to the issues involved in this appeal. On August 20, 1993, the recall election took place pursuant to the superior court's order. In that election, two of the four recall targets, Arlana Young and Ray Staska, were voted out of office by wide margins. However, the recall targets, sitting as the Borough's election board, refused to certify the results of the election. After being apprised that the recall targets had invalidated the election, the superior court issued an order to show cause. A second recall election was held on November 23, 1993, and all but one of the recall targets were recalled by wide margins. The election was certified on November 30, 1993.
[6] Alaska Statute 29.26.070(e) provides as follows:

A person may not appeal or seek judicial review of an election for any cause unless the person is a voter, has exhausted all administrative remedies before the governing body, and has commenced, within 10 days after the governing body has declared the election results, an action in the superior court in the judicial district in which the municipality is located. If court action is not commenced within the 10-day period, the election and election results are conclusive and valid.
[7] Id. at 840 n. 1; see also Hickel v. Southeast Conference, 868 P.2d 919, 928 (Alaska 1994); T & G Aviation, Inc. v. Footh, 792 P.2d 671, 672 n. 1 (Alaska 1990) (Matthews, J., dissenting).
[8] Because we decide to consider the merits of this appeal based on the award of attorney's fees and costs, we need not determine whether this appeal falls within the public interest exception to the mootness doctrine or whether this appeal is moot as to Robert Andrews and Ray Staska.
[9] This is an appeal from the superior court's grant of partial summary judgment in favor of the Committee. When reviewing a grant of summary judgment, this court must determine "whether there are any genuine issues of material fact and, if not, whether the moving party is entitled to judgment [as a matter of law] on the established facts." Zeilinger v. SOHIO Alaska Petroleum Co., 823 P.2d 653, 656 n. 6 (Alaska 1992). To the extent that this appeal requires this court to construe Alaska's recall statutes, this court exercises its independent judgment and adopts "the rule of law which is most persuasive in light of precedent, policy and reason." Zsupnik v. State, 789 P.2d 357, 359 (Alaska 1990).
[10] For a history of the recall process in Alaska, see Meiners, 687 P.2d at 294-96.
[11] Accord In re Recall of Call, 109 Wash.2d 954, 749 P.2d 674, 676 (1988) ("The right to recall elected officials is limited to recall for cause so as to free public officials from the harassment of recall elections grounded on frivolous charges or mere insinuations.").
[12] That is, we assume for purposes of review that the Board members entered into a closed door session for consideration of whether to retain Asper, and we determine whether doing so was a violation of Alaska law.
[13] In Meiners, this court stated that a petition which alleges violation of totally non-existent laws is legally insufficient, while a petition which merely characterizes the law in a way different than the targeted official would prefer is legally sufficient. Meiners, 687 P.2d at 301. As to the latter case, this court stated that the "rebuttal statement is the proper forum in which the official may defend against the charges." Id. Given the relevant exception to the Open Meetings Act, the grounds for recall allege a violation of a totally nonexistent law. That is, there is no law which precludes public officials from discussing sensitive personnel matters in closed door executive sessions.
[14] See, e.g., Chandler v. Otto, 103 Wash.2d 268, 693 P.2d 71, 74 (1984); see also 4 Eugene McQuillin, Municipal Corporations §§ 12.251.15, 12.251.35 (3d ed. 1992).
[15] City Council of Gladstone v. Yeaman, 768 S.W.2d 103, 107 (Mo. App. 1988) ("it is not the function of a reviewing court to rule on the truth or falsity of the charges, [but] only to determine the sufficiency of the reasons"); In re Recall of Call, 749 P.2d at 676 ("there can be no inquiry by the court into the truth or falsity of the charges"); In re Recall of Redner, 153 Wis.2d 383, 450 N.W.2d 808, 810 (App. 1989) ("when determining whether cause is alleged, it is not the court's function to determine the truth or falsity of the grounds alleged in the petition"); see also 4 McQuillin, supra note 14, § 12.251.35 (the truth of the recall allegations is for determination by the electors alone).
[16] Alaska Civil Rule 17(b) provides:

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile.... A partnership or other unincorporated association may sue or be sued in its common name.
Moreover, Alaska Civil Rule 9(a) provides in part:
When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
The Borough's answer contained a specific negative averment denying the Committee's capacity to sue. Thus, the Borough sufficiently raised the issue of capacity.
[17] 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (2d ed. 1990).
[18] 5 id. § 1294.
[19] See Peoples Bank and Trust Co. v. Wallace, 290 Ark. 589, 721 S.W.2d 659, 661 (1986) (court held that party's failure to bring analogous issue of standing to trial court's attention constitutes waiver even though issue was properly pleaded in answer).
[20] Alaska Const. art. I, § 7.
[21] Gates v. City of Tenakee Springs, 822 P.2d 455, 460 (Alaska 1991).